[S. F. No. 10788. In Bank.—November 5, 1924.]

## STEFANO PUPPO et al., Respondents, v. VITO LAROSA, etc., Appellant.

[1] SALES — ACTION TO RECOVER PURCHASE PRICE OF GRAPES — PERFORMANCE BY SELLERS—REFUSAL OF BUYER TO TAKE BALANCE OF GRAPES—FINDINGS—EVIDENCE.—In this action by sellers of grapes against the buyer to recover a balance due upon a promissory note evidencing one-half of the purchase price of said grapes, and also to recover the remaining one-half of said purchase price, the evidence was sufficient to support the finding that plaintiffs did everything required of them, and that defendant refused to take the balance of the grapes after having picked about half of the whole crop.

[2] ID.—TIME OF PAYMENT—CONSTRUCTION OF CONTRACT—EVIDENCE—FINDINGS.—The contract between the parties having provided that the remaining one-half of the purchase price was to be paid by the buyer as soon as he commenced picking the last half of the crop, and that the grapes were to be harvested before a specified date, aside from the fact that there was enough in the evidence to warrant the implied finding of the trial court that the time for payment of the grapes had arrived, the action of the buyer in going into immediate possession and ownership of the entire crop bound him to pay the agreed price therefor, and under no theory was the time of performance on his part extended beyond the date specified for harvest.

[3] INTEREST — STIPULATION IN CONTRACT — RATE CHARGEABLE AFTER BREACH.—When a legal rate of interest is stipulated in a contract, such rate remains chargeable after a breach thereof, as before, "until the contract is superseded by a verdict or other new obligation."

___

3.  See 15 R. C. L. 25.

**[4]** Id.—Absence of Interest Provision—Right to Interest After Maturity—Damages.—If interest is not expressly reserved, and the paper matures at a time certain, it will draw interest from its maturity by operation of law without prior demand, and at the legal rate. In such case interest is in the nature of damages for the detention of the debt, and is not recoverable by virtue of any provision of the contract.

**[5]** Id. — Promissory Note — Failure to Pay — Damages—Interest Between Maturity and Judgment.—When money is not paid according to the terms of a note, the holder suffers a detriment properly compensable in damages which the courts have generally adjudged to be the rate of interest agreed upon in the note, if it be within the legal rate, between maturity and the date of the judgment; and the fact that the contract provides for no interest has nothing whatever to do with the damages due after the breach of the condition for payment on the due date of the note.

**[6]** Sales—Note Without Interest—Import of Words—Right to Interest from Time of Maturity.—In such action, the words "at the rate of no interest" contained in the promissory note given by the buyer and payable in thirty days imported no more than that the defendant agreed to pay the plaintiffs, on maturity of the note, the principal sum thereof.

**[7]** Interest—Interest After Maturity—Damages.—Interest after maturity is not according to contract, but by way of damages, and is recoverable as a matter of law when ascertainable. Therefore, the court has power to determine the damages, which it generally does by allowing legal interest after maturity and up to the time of judgment.

**[8]** Sales—Interest—Contracts.—In such action, the action of the trial court in allowing legal interest on the principal amount of the note from thirty days after its date was correct, notwithstanding the agreement of the parties that it should not bear interest before it matured.

---

(1) 4 **C. J.**, p. 842, sec. 2829; 35 **Cyc.**, pp. 571, 572. (2) 4 **C. J.**, p. 184, sec. 445; 35 **Cyc.**, p. 572. (3) 15 **C. J.**, p. 182, sec. 441; 17 **C. J.**, p. 919, sec. 206. (4) 17 **C. J.**, pp. 917, 919, secs. 202, 207. (5) 17 **C. J.**, p. 919, sec. 206 (1926 Anno.). (6) 17 **C. J.**, p. 919, sec. 206 (1926 Anno.). (7) 17 **C. J.**, p. 811, sec. 136, p. 1060, sec. 361 (1926 Anno.).

APPEAL from a judgment of the Superior Court of Santa Clara County. P. F. Gosbey, Judge. Affirmed.

---

4. See 14 **Cal. Jur.** 672; 15 **R. C. L.** 26.

The facts are stated in the opinion of the court.

Albert Picard for Appellant.

R. V. Bressani and D. T. Jenkins for Respondents.

WASTE, J.—The defendant appeals from a judgment for a balance due on a promissory note and for the value of grapes sold and delivered.

On September 20, 1922, plaintiffs entered into a contract with defendant by which the latter agreed to buy the grape crop on the land of the plaintiffs for $7,750, one-half of the purchase price of which was evidenced by a promissory note for that amount, payable in thirty days, bearing no interest, the balance of $3,875 to be paid by the buyer as soon as he commenced picking the last half of the crop, the grapes to be harvested before October 1, 1922. The seller agreed to haul the empty boxes from the depot to the vineyard, and to haul all grapes harvested to the railroad station free of charge. Defendant has paid $2,000 on account of the note, but nothing more. When about half of the whole crop had been picked, defendant declined to take any more grapes. The remainder of the crop was picked and sold by the sheriff under attachment proceedings instituted by the sellers, who thereupon brought this action.

The complaint is in two counts: First, for the unpaid balance of the promissory note, and, second, that the defendant became indebted to the plaintiffs for the remaining one-half of the purchase price for grapes sold and delivered. The defendant admitted the execution of the contract for the purchase of the grapes, but averred that the plaintiffs did not perform their part in hauling the boxes and grapes. [1] As to this contention, the evidence is practically without conflict, and amply supports the finding that plaintiffs did everything required of them, and that the defendant refused to take the balance of the grapes.

[2] The next contention of the appellant is that the time never arrived when plaintiffs could demand payment for the grapes. He argues that the evidence does not show that he ever "commenced to pick the last half of the crop." While the testimony as to the actual proportion of the crop of grapes picked is meager, there is enough in the evidence

on that point alone to warrant the implied finding of the trial court that the time for payment of the grapes had arrived. But, aside from the actual picking of the grapes, the appellant went into immediate possession and ownership of the entire crop. By that action he bound himself to pay the agreed price therefor. By his contract he obligated himself to pay the balance of the purchase price over the amount evidenced by the promissory note when he commenced to pick the last half of the crop, and certainly not later than October 1st, by which time he agreed that the whole crop should be harvested by him. He breached his contract by his absolute refusal to take the grapes and by failing to pay as he agreed. On no theory that we can perceive was the time of performance on his part extended beyond October 1st. This action was not commenced until some time after that date.

The promissory note by its terms bore no interest. The trial court allowed legal interest thereon from the date of its maturity. [3] When a legal rate of interest is stipulated in a contract, such rate remains chargeable after a breach thereof, as before, "until the contract is superseded by a verdict or other new obligation." (Civ. Code, sec. 3289; *Casey* v. *Gibbons*, 136 Cal. 368, 371 [68 Pac. 1032].) [4] If, however, interest is not expressly reserved, and the paper matures at a time certain, it will draw interest from its maturity by operation of law without prior demand, and at the legal rate. In such case interest is in the nature of damages for the detention of the debt, and is not recoverable by virtue of any provision of the contract. (Civ. Code, sec. 3302; *Gray* v. *Bekins*, 186 Cal. 389, 399 [199 Pac. 767]; 8 Cor. Jur., pp. 1095, 1096, secs. 1425–1427.) [5] When money is not paid according to the terms of a note, the holder suffers a detriment properly compensable in damages which courts have generally adjudged to be the rate of interest agreed upon in the note, if it be within the legal rate (sec. 3289, *supra*), between maturity and the date of the judgment. The fact that the contract provides for no interest has nothing whatever to do with the damages due after the breach of the condition for payment on the due date of the note. [6] Too much importance should not be given to the words "at the rate of no interest" contained in the note. They import no more than that the defendant agreed to

pay the plaintiffs, on maturity of the note, the principal sum of $3,875. Interest before maturity and damages for not paying the amount when due are two different things. [7] Some confusion has arisen in this connection because the damages have usually been reckoned in terms of interest; but interest after maturity is not according to contract, but by way of damages, and is recoverable as a matter of law when ascertainable. Therefore, the court has power to determine the damages, which it generally does by allowing legal interest after maturity and up to the time of judgment. In such cases there seems to be no good reason under our practice why judgment may not be given for interest from the maturity of the note, or in damages, either mode being proper. (*Jones* v. *S. S. Cortes*, 17 Cal. 487, 498 [79 Am. Dec. 142]; *Rogers* v. *Duhart*, 97 Cal. 500, 504 [32 Pac. 570]. See, also, *Archer* v. *Morehouse*, 30 Fed. Cas. No. 18,225.) [8] The principal amount of the note here sued on "became due" thirty days after its date. It should bear interest from that date, notwithstanding the agreement of the parties that it should not bear interest before it matured. (See the following cases: *Lockhart* v. *McDougall Co.*, 190 Cal. 308 [212 Pac. 1]; *Malone* v. *Roy*, 107 Cal. 518, 520 [40 Pac. 1040]; *Jones* v. *Gardner*, 57 Cal. 641, 643.) The action of the trial court in allowing legal interest on the amount due was, therefore, correct.

The judgment is affirmed.

Shenk, J., Seawell, J., Lawlor, J., Lennon, J., and Myers, C. J., concurred.