[Civ. No. 31885.   Second Dist., Div. Four.   Dec. 4, 1968.]

FORREST DeTARR et al., Plaintiffs and Appellants, v. TEXACO INC., Defendant and Respondent.

McCarroll & McCarroll and Mary H. McCarroll for Plaintiffs and Appellants.

Beardsley, Hufstedler & Kemble and John Sobieski for Defendant and Respondent.

FILES, P. J.—This is an action by plaintiffs Forrest DeTarr and Salvador Gonzalez Molina to quiet their title to certain property by declaring void defendant's lease. After entry of summary judgment for defendant, plaintiffs appeal.

Some of the undisputed facts will be stated first.

On April 4, 1938, Lester L. Sidwell transferred certain real property in the City of Pico (now Pico Rivera), California, to two named trustees, for the benefit of himself and his mother, Belle F. Bell. On April 20, 1938, the trust was amended to

substitute Sidwell's sister, Estelle S. Judson, as trustee, and to add her as a beneficiary.

The trust instrument directed the trustee to pay to each beneficiary $50 per month and such additional sums as the trustee, in her discretion, deemed expedient. Invasion of principle was authorized in the trustee's discretion. Upon the death of the last survivor of the named beneficiaries, the estate was to be distributed in accordance with the survivor's testamentary disposition. The trust was declared to be irrevocable, but was subject to amendment by the written consent of the trustee and the beneficiaries.

Sometime prior to April 1, 1954, Belle F. Bell died. On that date Estelle S. Judson, as trustee, entered into the lease with defendant Texaco, which is the subject of this suit. That lease provided a five-year term at a monthly rental of $300, with one option for five more years at the same rate and four additional options for five years at $75 per month, exercisable by Texaco.

Estelle S. Judson died on January 27, 1957, leaving Sidwell as sole survivor of the named beneficiaries. On March 18, 1957, the superior court appointed Forrest DeTarr successor trustee. Soon after, DeTarr discovered that his predecessor had been engaged in stripping the trust of property in order to leave as little as possible for her brother, Lester L. Sidwell, should he survive her. During her tenure as trustee, she had transferred about one-half of the trust property, diverted roughly $10,000 in rental payments, and entered into the above lease.

DeTarr filed suit and recovered all of the real property transferred, but was persuaded by the sole remaining beneficiary, Lester L. Sidwell, not to engage in litigation over the lease. Although he said that it was a " 'lousy lease,' " Lester L. Sidwell was an elderly man and "litigation caused him great consternation."

On February 3, 1960, he made a new will giving the remainder of the trust to plaintiffs. (Wendell L. Sidwell, trustor's son, was also named, but he assigned all of his rights in the property to plaintiffs.) On February 11, 1960, Lester Sidwell died. His will was admitted to probate on November 22, 1960, and a decree of distribution was made on December 3, 1963.

On January 27, 1964, Texaco gave notice of intent to exercise the second option in the lease. Soon after, plaintiffs notified Texaco that they considered the exercise of the option to

be ineffectual and that the lease would terminate on March 31, 1964.

This action to quiet appellant's title to the property was filed on July 17, 1964. Summary judgment for defendant was granted upon the ground that the action was barred by limitations.

There is a factual issue as to whether Texaco participated with Mrs. Judson in a breach of trust. If that is a material fact, there must be a trial. For the purpose of this appeal it will be assumed that there is evidence that the making of the lease was a breach of trust, and that Texaco took with knowledge of the breach.

Plaintiffs' theory is that no statute of limitations would have commenced to run against them until they had a right to possession of the property, and this did not occur until after the death of Sidwell.

Defendants rely upon the rule set forth in section 327 of the Restatement Second of Trusts: ''(1) Except as stated in Subsection (2), if the trustee is barred by the Statute of Limitations or by laches from maintaining an action against a third person with respect to the trust property, the beneficiary is precluded from maintaining an action against the third person.''

Comment *d* under that section says: ''So also, it is immaterial that one or more of the beneficiaries has an interest enjoyable only in the future or that one or more of the beneficiaries is not ascertained.''

Subsection (2) of section 327 provides: ''If the third person knowingly participated in a breach of trust, the beneficiary is not precluded from maintaining an action against him therefor, unless (a) the beneficiary is himself guilty of laches, or (b) a co-trustee who did not participate in the breach of trust, or a successor trustee knowing of the claim against the third person, fails to bring an action against him until he is barred by the Statute of Limitations or by laches.''

This principle that, when the trustee is not in collusion with the wrongdoer, the trustee's delay also bars the beneficiaries is supported in Bogert, Trusts and Trustees (2d ed. 1960), section 954, 955, and 4 Scott on Trusts (3d ed. 1967), sections 327.1, 327.2.

In the case at bench it is established that trustee DeTarr discovered the situation early in 1957, more than seven years prior to the commencement of this action, but deliberately refused to commence action out of deference to

the wishes of Mr. Sidwell, who was then the surviving life beneficiary, with power of appointment over the remainder. There is no conflict in the evidence as to this. Plaintiffs are in a unique position to present the facts on this point, for trustee DeTarr was appointed to share in the remainder, and is now one of the plaintiffs. His statement is that he knew the facts and followed Mr. Sidwell's wishes. Inasmuch as Mr. Sidwell had both the life estate and the power to name the remaindermen, and, with DeTarr, the power to amend the trust, their joint decision can hardly be challenged as wrongful. Between them, they had the power of a fee owner. (See *Estate of Kuttler* (1958) 160 Cal.App.2d 332, 338 [325 P.2d 624]; *Heifetz* v. *Bank of America* (1957) 147 Cal.App.2d 776 [305 P.2d 979].)

There appears to be no reason that the period of limitations which started to run against the trust and against Sidwell's beneficial interest in 1957 should not bar their successors.

Plaintiffs have cited *Clark* v. *Foster* (1916) 110 Miss. 543 [70 So. 583] for the proposition that the statute of limitations does not begin to run against a remainder beneficiary of an express trust until he has "an immediate possessory title." That decision appears to be based upon the hypothesis that the trustee "never, in fact, became an active trustee of the property for their benefit" during the lifetime of the life beneficiary. That premise of the Mississippi court is contrary to the law of California (see *Gray* v. *Union Trust Co.* (1915) 171 Cal. 637, 639-640 [154 P. 306]).

Plaintiffs are not aided by their argument that the statute of limitations does not run "until there has been a repudiation of the trust by the trustee." Mrs. Judson repudiated her obligation when she conveyed away trust property for a purpose inconsistent with the purposes of the trust. The liability, if any, of defendant Texaco is based upon its having allegedly participated in that wrongdoing. Texaco has never acknowledged any obligation to the trustee or to the beneficiaries except as specified in the lease. There is nothing for Texaco to repudiate. The cause of action for this alleged wrongdoing thus arose when the leasehold interest was conveyed to Texaco. We are assuming that the period of limitations was suspended until an independent trustee acquired title and discovered the facts in 1957, but there is no reason for suspending the running of the statute from that time on. Inasmuch as the action was not commenced until 1964, it is imma-

terial whether the four-year statute or the five-year statute applies. The action is barred in either case.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.

A petition for a rehearing was denied December 26, 1968, and appellants' petition for a hearing by the Supreme Court was denied January 29, 1969.