[Civ. No. 61641. Second Dist., Div. Five. Oct. 30, 1981.]

EUGENE E. EPSTEIN et al., Plaintiffs and Appellants, v.
BARBARA FRANK et al., Defendants and Appellants.

COUNSEL

Joseph L. Shalant and Craig W. Englund for Plaintiffs and Appellants.

Stephen F. Rohde for Defendants and Appellants.

OPINION

WOLF, J.*—We are called upon to decide several novel issues, some of which are matters of first impression in California:

Does the absence from the state of the sole general partner of a limited partnership toll the running of the statute of limitations on claims against the partnership?

---

*Assigned by the Chairperson of the Judicial Council.

Is the statute of limitations tolled on claims held by a custodian for a minor under the Uniform Gifts to Minors Act until the minor reaches the age of majority?

Is the payee of a usurious note entitled to recover post maturity interest?

Where a single action is commenced to recover on a series of promissory notes, each containing an attorneys' fees provision, and the action results in recovery on some but not all of the notes, which party has prevailed and how should attorneys' fees be awarded?

### The Facts

National Educational Services (hereinafter referred to as NES) is a California limited partnership. Barbara Frank (hereinafter referred to as Frank) is the sole general partner.

Frank, acting in her capacity as general partner for NES, executed 15 promissory notes between March 31, 1969, and January 21, 1971. A description of the notes is as follows:

| Exh. | Date of Note | Payee | Amount | Due Date |
|---|---|---|---|---|
| 1a | 03/31/69 | Howard King* for Donna E. King | $ 600 | 12/31/69 |
| 1b | 03/31/69 | June W. King* for Marianne E. King | 500 | 12/31/69 |
| 1c | 03/31/69 | Howard King* for Wendy E. King | 400 | 12/31/69 |
| 2 | 03/03/69 | Louis Epstein | 3,000 | 04/03/70 |
| 3 | 03/31/69 | Joseph or Antonina Stacey | 2,000 | 12/31/69 |
| 4 | 04/04/69 | Joan Geber | 1,000 | 01/04/70 |
| 5 | 04/20/70 | Eugene E. Epstein | 5,000 | 01/20/71 |
| 6 | 07/20/70 | Eugene E. Epstein | 6,000 | 04/20/71 |
| 7 | 08/28/69 | Eugene E. Epstein | 2,100 | 05/28/70 |

*Custodian for a minor under the Uniform Gifts to Minors Act.

| Exh. | Date of Note | Payee | Amount | Due Date |
|---|---|---|---|---|
| 8 | 10/14/69 | Eugene E. Epstein | 1,000 | 04/14/70 |
| 9 | 10/14/69 | Peter Gottlieb | 1,000 | 03/14/70 |
| 10 | 12/16/69 | Eugene E. Epstein | 2,400 | 09/16/70 |
| 11 | 01/12/70 | Eugene E. Epstein | 5,300 | 10/12/70 |
| 12 | 12/21/70 | Eugene E. Epstein | 1,100 | 12/21/71 |
| 13 | 01/21/71 | Eugene E. Epstein | 2,200 | 01/21/72 |

The persons named as payees under the aforedescribed promissory notes filed an action to enforce collection of the notes against Frank and NES on January 10, 1975.

As a defense to the collection of the notes Frank and NES asserted that all but five of the fifteen notes were barred by the statute of limitations, and all but four of the notes were usurious so as to preclude the payees from claiming any interest on those notes that were usurious.

The trial court held that eight of the fifteen notes were barred by the statute of limitations.[1]

In arriving at its ruling, the trial court tolled the running of the statute as respects the three notes which were payable to custodians for minors under the Uniform Gifts to Minors Act (exhibit Nos. 1a, 1b, and 1c) but refused to toll the statute of limitations for any of the other promissory notes.

The trial court found 11 of the notes to be usurious (exhibit Nos. 1a, 1b, 1c, 3, 7, 8, 9, 10, 11, 12, and 13), and denied recovery for any interest on any of the said notes. The trial court's finding[2] that the notes were usurious and its decision to disallow all interest on the notes from the date of the notes to the date of maturity is not challenged on appeal. The payee-plaintiffs contend, however, that they are entitled to interest at the legal rate by way of damages for wrongful retention of

---

[1]The notes which were held to be uncollectible by virtue of the statute of limitations were exhibit Nos. 2, 3, 4, 7, 8, 9, 10, and 11.

[2]Findings of fact were not requested. The findings of the trial court are explained in the minute orders which set forth the intended decision and are implicit from the judgment which was rendered.

the principal of the notes from the time of maturity to the date of judgment.

The payee-plaintiffs have appealed from the judgment insofar as it denied them recovery on the notes held to have been barred by the statute of limitations, and recovery of interest for the period subsequent to the maturity of the usurious notes.

Defendants Frank and NES appeal from that portion of the judgment permitting recovery on the notes payable to custodians under the Uniform Gifts to Minors Act.

For convenience plaintiffs and appellants (payees of the notes) will be hereinafter referred to as plaintiffs. Defendants and appellants NES and Frank will be referred to as defendants.

## TOLLING OF THE STATUTE OF LIMITATIONS

Frank testified at the time of trial that she was absent from the State of California for a period of 371 days during the time between the date of the accrual of the notes and the time suit was commenced. If the statute of limitations is tolled for this period, nine of the subject notes would survive a statute of limitations defense. (Exhibit Nos. 2, 4, 5, 6, 7, 8, 9, 10, and 11.)

Plaintiffs' principal contention is that the statute of limitations on an action against the limited partnership must be tolled, pursuant to Code of Civil Procedure section 351, for the period of time that the sole general partner was outside the jurisdiction of the state.[3] In support of this proposition plaintiffs submit that a partnership is an aggregate of individuals and not an entity; that as such, the partnership has no domicile or residence separate and distinct from the partners; and that the partnership is not considered to be within the state because it has designated an agent for service of process which made the partnership at all times amenable to service.

---

[3]Plaintiffs contend that the trial court was not given sufficient information to make a decision regarding the exact duration of Frank's absence from California. The suit to recover on the Stacey note (exhibit 3) was filed 375 days after the expiration of the 4-year statute of limitations. Therefore, if Frank was absent from the state for 375 days, rather than 371 days, and if the statute was tolled, the Stacey note would also be valid against the defense of statute of limitations. Plaintiffs request that the case be re-

There is ample authority in support of plaintiffs' observations that a partnership is generally regarded as an aggregate of individuals and has no domicile or residence separate and distinct from the individuals who constitute it. (*Bedolla* v. *Logan & Frazer* (1975) 52 Cal.App.3d 118 [125 Cal.Rptr. 59]; *Rudnick* v. *Delfino* (1956) 140 Cal.App.2d 260 [294 P.2d 983]; *Park* v. *Union Mfg. Co.* (1941) 45 Cal.App.2d 401 [114 P.2d 373].)

A partnership, however, is not always regarded as an aggregate of individuals. The authorities are replete with instances where the partnership is considered an entity. (See 6 Witkin, Summary of Cal. Law (8th ed. 1974) Entity and Aggregate Theories, § 14, pp. 4264-4265.)

The authorities do not clearly delineate when a partnership will be regarded as an aggregate of individuals and when it will be considered as a separate entity. An analysis of the cases demonstrates that the concept to be utilized in any given case is dependent largely upon policy considerations and upon which concept will achieve a fair and equitable disposition of the issues in controversy. Thus, in *Reed* v. *Industrial Acc. Com.* (1937) 10 Cal.2d 191 [73 P.2d 1212, 114 A.L.R. 720] a partnership was deemed to be an aggregate of individuals with the result that a workmen's compensation policy issued to one of the partners individually was held to cover an employee of the partnership. Conversely, the Supreme Court in *Evans* v. *Galardi* (1976) 16 Cal.3d 300 [128 Cal. Rptr. 25, 546 P.2d 313] held that a limited partnership was to be deemed an entity so as to preclude a judgment creditor of one of the limited partners from executing on partnership property.

■ In the area of procedures, a partnership is treated substantially the same as a corporation,[4] and an entity concept predominates. Thus, in order to acquire jurisdiction over a partnership the partnership entity must be designated as the defendant, and the naming of the individual

---

manded to the trial court for determination of the exact time that Frank was absent from the state.

The testimony of Frank and documentary evidence supported the trial court's determination that the period of absence was 371 days. Moreover, the issue is moot in light of our determination that the statute of limitations was not tolled against the partnership during Frank's absence from the state.

[4]Neither a foreign corporation nor a domestic corporation is deemed absent from the state when its officers are absent and the statute of limitations is not tolled pursuant to section 351 of the Code of Civil Procedure as to either of such entities. (*Loope* v. *Greyhound Lines, Inc.* (1952) 114 Cal.App.2d 611 [250 P.2d 651].)

partner is not sufficient. (*Potts* v. *Whitson* (1942) 52 Cal.App.2d 199 [125 P.2d 947]; *Hildebrand* v. *Stonecrest Corp.* (1959) 174 Cal.App.2d 158 [344 P.2d 378].) The interest of an individual partner in partnership assets is not subject to attachment or execution except on a claim against the partnership entity. (*Evans* v. *Galardi, supra*, 16 Cal.3d 300; Corp. Code, §§ 15025, subd. (2)(c), and 15509.)

Further, a summons may be served upon a partnership entity by serving an agent designated for service of process (Code Civ. Proc., § 388) which is a concept more closely aligned with the service upon entities such as corporations than with service upon individual defendants.

Plaintiffs, citing *Dew* v. *Appleberry* (1979) 23 Cal.3d 630 [153 Cal.Rptr. 219, 591 P.2d 509], point out that the statue of limitations will be tolled as to claims against an absent defendant even though the defendant is amenable to service during his period of absence, and, therefore, the fact that an agent for service of process has been designated by a partnership is irrelevant to the issue of the tolling of the statute of limitations. This principle may be applicable after it is established that a defendant was absent from the state. It does not mean, however, that we must ignore the fact that the use of a designated agent for service is a characteristic akin to entities and not individuals in determining how the partnership is to be viewed.

 A limited partnership is regarded as an entity separate and apart from its partners when it is sued, when it is served with process, and when executing upon its assets. We can perceive of no compelling reason why, in determining the applicability of Code of Civil Procedure section 351, it should not be regarded as an entity, which, like a corporation, is considered to be permanently within the state, regardless of the whereabouts of its principals.

Accordingly, we hold that the statute of limitations on claims against a limited partnership validly formed and existing under the Uniform Limited Partnership Act (Corp. Code, § 15501 et seq.) is not tolled pursuant to Code of Civil Procedure section 351, when the general partner is absent from the state.

THE NOTES PAYABLE TO THE MINOR'S CUSTODIAN

Three of the notes (exhibit Nos. 1a, 1b and 1c) were payable to a custodian for a minor under the Uniform Gifts to Minors Act. Each of

these notes accrued on December 31, 1969, and all are barred by the statute of limitations unless the statute is tolled pursuant to Code of Civil Procedure section 352, subdivision (a).[5] Donna King, the minor involved as respects the first note, was 14 years old when the note became due. Marianne King, the minor involved with respect to the second note, was 17 years old at the time of trial. Wendy King, a minor involved as respects the third note, was 16 years old when the note became due. If Code of Civil Procedure section 352, subdivision (a), is applicable to these notes they would each then be enforceable and immune from a statute of limitations defense.

Defendants contend that Code of Civil Procedure section 352, subdivision (a), is not applicable to any of these notes because the notes were in truth and in fact the property of the person named as custodian and not the property of the minor. Further, defendants argue, the adult custodians, and not their children, were the persons entitled to bring the action on these notes as evidenced by the fact that the suit was brought in the name of the custodians and not by a guardian ad litem on behalf of the minors.

A gift to a minor pursuant to the provisions of the Uniform Gifts to Minors Act conveys legal title to the property given in the minor. (Civ. Code, § 1157.) The custodian holds the property in trust for the minor and has all the rights and powers which a guardian has with respect to property not held as custodial property. (Civ. Code, § 1158, subd. (i).) The guardian of the minor has no right, power, duty or authority with respect to the custodial property except as provided in the statute. (Civ. Code, § 1157, subd. (a).) The statute does not authorize a guardian to bring action for enforcement of obligations owing the minor relative to the custodial property.

It follows, therefore, that a promissory note payable to the custodian of a minor under the Uniform Gifts to Minors Act is the property of the minor and an action to collect the note can only be initiated by the custodian who holds the same power with respect to the custodial property that a general guardian holds with respect to noncustodial property.

---

[5]Code of Civil Procedure 352, subdivision (a), tolls the statute of limitations if "a person entitled to bring an action ..., be, at the time the cause of action accrued, ... (1). Under the age of majority; ... the time of such disability is not a part of the time limited for the commencement of the action."

As a general rule the failure of a trustee to take action against a third person with respect to the trust property during the period allowable under the statute of limitations is a bar to the bringing of such action by the beneficiary. (*Triplett* v. *Williams* (1969) 269 Cal.App.2d 135 [74 Cal.Rptr. 594]; *DeTarr* v. *Texaco, Inc.* (1968) 267 Cal.App.2d 872 [73 Cal.Rptr. 511].)

This rule has no application, however, to a general guardian who fails to bring an action on behalf of a minor. In such cases the existence of a general guardian has no effect upon the tolling of the statute of limitations during minority under section 352 of the Code of Civil Procedure. The cause of action is deemed to be held by the minor, not the guardian, and the statute does not run against the ward during guardianship. (*Aronson* v. *Bank of America* (1941) 42 Cal.App.2d 710 [109 P.2d 1001]; *Gottesman* v. *Simon* (1969) 169 Cal.App.2d 494 [337 P.2d 906, 77 A.L.R.2d 620].) Since the custodian under the Uniform Gifts to Minors Act stands in the same position with respect to custodial property as a guardian stands with respect to noncustodial property, the statute of limitations would be tolled pursuant to section 352 of the Code of Civil Procedure as respects actions maintainable by the custodian. Accordingly, the statute was tolled as respects the three notes payable to the custodians and collection of the notes was not barred by the statute of limitations.

### POST MATURITY INTEREST ON USURIOUS NOTES

Of the fifteen notes involved in these proceedings only seven survived the defense of the statute of limitations: The three notes payable to the custodian for the minors (exhibit Nos. 1a, 1b, and 1c) and the four notes which were payable to Eugene E. Epstein which matured between April of 1971 and January of 1972. (Exhibit Nos. 5, 6, 12, and 13.) Five of the seven notes which survived the statute of limitations were found to be usurious: the three notes payable to the custodian, and two notes payable to Epstein which matured on December 21, 1971 and January 21, 1972 (exhibit Nos. 12 and 13).

■ Plaintiffs seek the recovery of interest on the five usurious notes from the maturity date of the notes to the date of judgment.

The attempt to exact the usurious rate of interest renders the interest provisions of a note void. (*Moore* v. *Russell* (1931) 114 Cal.App. 634 [300 P. 479]; *Simmons* v. *Patrick* (1962) 211 Cal.App.2d 383 [27 Cal.

Rptr. 347].) The usurious provisions, however, do not affect the right of the payee to recover the principal amount of the note when due. (*Rochester Capital Leasing Corp.* v. *K & L Litho Corp.* (1970) 13 Cal.App. 3d 697 [91 Cal.Rptr. 827].) The inclusion of a usurious interest provision, therefore, results, in effect, in a note payable at maturity without interest.

The payee of a noninterest-bearing note is entitled to interest at the legal rate from the date the note matures until the date of judgment. (*Puppo* v. *Larosa* (1924) 194 Cal. 717 [230 P. 439].) In such instances interest is awarded in the nature of damages for the retention of the principal amount of the note and not by virtue of any provision in the note. By analogy, therefore, the payee of a note with a usurious interest provision would be entitled to damages in the nature of interest at the legal rate for that period of time which the obligor on the note withheld the principal beyond the date of maturity.

The denial of interest up until the maturity of the note is a sufficient deterrent against the exacting of usurious interest. The payee, notwithstanding the usury, has the right to recover the principal of the note in full on the date of its maturity. If the obligor improperly withholds payment of this obligation it is neither unjust nor contrary to policy that he be chargeable with interest at the legal rate from the date he was obligated to pay the note until the date he discharges that obligation, or to the date a judgment is rendered against him.

Defendants maintain that contrary conclusions were reached in *Blodgett* v. *Rheinschild* (1922) 56 Cal.App. 728 [206 P. 674]. The *Blodgett* court held that it was the intent of the initiative measure approved in the general election held in November of 1918 that there be no recovery of any interest in a usurious transaction either before or after the maturity of the debt. This holding was based upon the language of the initiative which provided in part that any usurious contract would be regarded as null and void as to any agreement to pay interest and, in such cases, "no action at law to recover interest in any sum shall be maintained."

In 1934, article XX of the California Constitution was amended to add section 22 which limits the maximum rate of interest chargeable in California to 10 percent per annum. The provisions of this section of the Constitution specifically superseded all conflicting laws and provisions. The language which was in the 1918 initiative measure and which

served as the basis for the holding in *Blodgett* v. *Rheinschild, supra,* 56 Cal.App. 728 was not adopted in the 1934 constitutional revision. The revised provision recites: "No person, association, copartnership or corporation shall by charging any fee, bonus, commission, discount or other compensation receive from a borrower more than 10 percent per annum upon any loan or forebearance of any money, goods, or things in action."

There is nothing in this provision which suggests that its framers intended to prohibit the lender from recovering post maturity interest from a borrower, and the holding in *Blodgett* interpreting the 1918 initiative is no longer persuasive or controlling.

We conclude that plaintiffs were entitled to receive interest at the legal rate on the five notes in question from the date of maturity to the date of judgment.

## THE PREVAILING PARTY

Each of the notes contains a provision requiring payment of attorneys' fees in the event legal proceedings are necessary for the collection of the notes. Therefore, pursuant to the provisions of Civil Code section 1717, the prevailing party is entitled to an award of attorneys' fees to compensate that party for reasonable attorneys' fees incurred both at the trial and on appeal. (*American City Bank* v. *Zetlen* (1967) 272 Cal.App.2d 65 [61 Cal.Rptr. 311].) Each party contends that it was the prevailing party. The trial court determined that plaintiffs prevailed and awarded them attorneys' fees in the amount of $5,000.

As a general rule, where claims and counterclaims arise in connection with a contract containing an attorney's fees provision, the party who obtains a favorable judgment is deemed to be the prevailing party, even though he did not successfully obtain all the relief which he sought in the action. (*Distefano* v. *Hall* (1963) 263 Cal.App.2d 380 [32 Cal.Rptr. 770]; *Western Decor & Furnishings Industries, Inc.* v. *Bank of America* (1979) 91 Cal.App.3d 293 [154 Cal.Rptr. 287].) It is not always the case however that the party in whose favor the final judgment is entered will be deemed to be the prevailing party. For example, the party who prevails on all of the issues which were actually litigated at the trial will be deemed the prevailing party even though the judgment may be entered in favor of the opposing party. (*National*

*Computer Rental, Ltd.* v. *Bergen Brunswig Corp.* (1976) 59 Cal.App.3d 58 [130 Cal.Rptr. 360].)

██ In the instant case, the lawsuit involved an attempt on the part of various payees to recover on 15 separate promissory notes, each of which notes contained a provision for attorneys' fees. Had 15 separate actions been filed on the notes, defendants would have prevailed in 10 of the actions and would have been entitled to an award of attorneys' fees in those actions.[6]

The joining together of the various plaintiffs in one action against the defendants should not result in a different obligation for the payment of attorneys' fees than would have been the case if the notes had been litigated separately. It would be contrary to the expressed provisions of the promissory notes, and contrary to the intention of Civil Code section 1717 to hold that a plaintiff or group of plaintiffs who filed suit on 15 separate promissory notes is the prevailing party if it prevails on any one of the notes.

Plaintiffs King (exhibit Nos. 1a, 1b and 1c) were clearly the prevailing party both at the trial and on appeal. Defendants were clearly the prevailing party both at the trial and on appeal as respects plaintiffs Lewis Epstein (exhibit No. 2), Stacey (exhibit No. 3), Geber (exhibit No. 4) and Gottlieb (exhibit No. 9). Plaintiff Eugene Epstein prevailed at the trial on exhibit Nos. 5, 6, 12, and 13, and prevailed on appeal as respects exhibit Nos. 12 and 13. Defendants prevailed against that plaintiff both at the trial and on appeal as to exhibit Nos. 7, 8, 10 and 11.

In order to appropriately apportion attorneys' fees between the litigants it will be necessary for the trial court to determine the amount of the attorneys' fees reasonably attributable to the prosecution and defense of the various notes involved in the proceedings both at trial and on appeal. In this connection we direct the superior court after the remittitur is filed to hear an application for attorneys' fees for services

---

[6]Consider the matter of plaintiff Louis Epstein, the sole payee of exhibit No. 2, plaintiff Stacey, the sole payee of exhibit No. 3, plaintiff Geber, the sole payee of exhibit No. 4, and plaintiff Gottlieb, the sole payee of exhibit No. 9. These plaintiffs were totally unsuccessful in their suit against defendants. Nevertheless, because they joined with other plaintiffs who were successful the defendants were not awarded any attorneys' fees for successfully defending against their claims.

rendered to the various parties on appeal and to fix the amount each party is entitled to receive.

The same principle that applies to the allocation of attorneys' fees is also applicable to the awarding of costs on appeal. The prevailing parties are the same with respect to costs as they are with respect to attorneys' fees. We can conceive of no fair or equitable way, however, to allocate the costs between the various prevailing parties. There is no practical method of determining how much of the costs of preparation of the documents on appeal should be attributed to the successful litigants as opposed to those who were unsuccessful. Accordingly, exercising our discretion to grant or withhold costs in the furtherance of interest of justice (Cal. Rules on Appeal, rule 26 (a)) we order that each party is to bear its own costs on appeal.

Judgment is reversed with directions to enter judgments to such persons and in such amounts as the trial court shall determine consistent with the views herein expressed.

Stephens, Acting P. J., and Ashby, J., concurred.

The petition of plaintiffs and appellants for a hearing by the Supreme Court was denied December 23, 1981. Kaus, J., did not participate therein.