[No. D008774. Fourth Dist., Div. One. Oct. 24, 1989.]

MARK McDOWELL CORPORATION, Plaintiff and Respondent, v. LSM 128, Defendant and Appellant.

COUNSEL

Good, Wildman, Hegness & Walley and Douglas M. Vickery for Defendant and Appellant.

Corona, Balistreri & Ramseyer, Corona & Prager and Jack A. Balistreri for Plaintiff and Respondent.

OPINION

TODD, J.—This case presents the single issue of whether, under present California usury law, where an agreement is found to provide a usurious rate of interest, the court may award the creditor the 10 percent rate of interest prescribed by Civil Code section 3289, subdivision (b),[1] from the date of the breach. LSM 128, a limited partnership (LSM), appeals after the trial court entered a judgment against it and in favor of Mark McDowell Corporation (McDowell), a California corporation. The judgment includes

---

[1] All statutory references are to the Civil Code unless otherwise specified.

10 percent interest for LSM's breach of a contract found to contain a usurious interest provision applicable to sums LSM did not pay. LSM contends no interest is awardable under the circumstances and requests that we reverse the judgment as it relates to the award of prejudgment interest.

Finding LSM's argument unmeritorious, we affirm.

## FACTS

A September 29, 1986, construction contract between LSM and McDowell provided that McDowell, as subcontractor, would perform certain rough grading work for LSM, owner. The total original price to be paid was $967,459. Subcontractor was to invoice owner for work performed according to unit prices in an exhibit, and owner was to pay the invoices on a timely basis.

The original contract provided, in part: "All sums not paid when due shall thereafter bear interest at 1½% per month."

The trial court awarded McDowell judgment against LSM in the amount of $48,649, together with costs of $3,350.60 and attorney's fees of $14,205. With respect to interest, the court stated "that while I don't think it was the intent of the parties to impose a usurious rate, I do think what they tried to accomplish falls within the purview of the prohibition against usury. [¶] I do think that the Civil Code section 3289B . . . provides for 10 percent interest from the date of the breach of contract. Here, we have a contract that provided for what I find to be now a usurious rate. [¶] I think that statute was enacted in 1985. And I think it changes the earlier rule that no interest at all is allowed when the contract provided for usurious interest. So it will be the judgment of this court then that plaintiff is to be allowed 10 percent interest from the date of the breach."

McDowell waived the filing of a statement of decision.

The judgment includes an award of prejudgment interest in the amount of $7,040.59, calculated at 10 percent per annum from the February 3, 1987, date of the breach.[2]

---

[2] LSM informs us the principal amount of the judgment together with costs and attorney's fees have been paid to McDowell and each of the parties has reserved the right to seek attorney's fees in the event it is the prevailing party on this appeal.

## DISCUSSION

Section 3289, subdivision (b), provides: "*If a contract* entered into after January 1, 1986, *does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach.*

"For the purposes of this subdivision, the term contract shall not include a note secured by a deed of trust on real property." (Italics added.)

Article XV, section 1, of the California Constitution sets a maximum rate for a loan or forbearance for a use such as is involved in this case of the higher of (1) 10 percent per annum or (2) 5 percent plus the Federal Reserve Bank of San Francisco's rate on the 25th day of the month preceding the earlier of the date the contract was contracted for or was executed. There is here no question the 18 percent per annum rate provided for in the contract exceeds the constitutional limit.

First, we briefly dispose of McDowell's argument to the effect that because the trial court stated it did not think the parties intended to impose a usurious rate,[3] it found as a matter of fact "the contractual agreement entered into by the parties, does not constitute the elements pertaining to usury law." ■ It has been held that an element of a usurious transaction is an intent to exact the illegal charge. (See *Rose v. Wheeler* (1934) 140 Cal.App. 217, 219-220 [35 P.2d 220].) The rule, however, is that "the only intent necessary on the part of the lender is to take the amount of interest . . . ." (*Thomas v. Hunt Mfg. Corp.* (1954) 42 Cal.2d 734, 740 [269 P.2d 12].) Thus, it has been held: " '[W]here the character, scope and general purpose and design is found, intent becomes more or less immaterial. The old truism holds that one is presumed to intend to do that which in fact he actually does. If one lends money to another at an usurious rate, on a straight out-and-out loan, the fact that he had no manifest intent to violate the law would be of no consequence. Summing up, intent is material in determining the nature of a transaction; but the true nature being shown or admitted, the intent with which the act was performed is beside the inquiry . . . .' " (*Maze v. Sycamore Homes, Inc.* (1964) 230 Cal.App.2d 746, 751 [41 Cal.Rptr. 338, 16 A.L.R.3d 464], quoting *Wood v. Angeles Mesa Land Co.* (1932) 120 Cal.App. 313, 324 [7 P.2d 748].)

Under the quoted rule the trial court's statement, even if considered a factual determination, is not determinative since intent is beside the inquiry into whether the transaction was usurious.

---

[3] McDowell's arguments that the contract is not usurious invite the observation McDowell did not seek to collect 18 percent per annum interest in the trial court. This would be the logical result of successfully urging the transaction was not usurious. Rather, McDowell only sought to collect the prejudgment interest under section 3289, subdivision (b). McDowell's position on LSM's appeal remains the same.

Moreover, we cannot deem the trial court's statement as the equivalent to a finding of fact because no statement of decision was filed. It is the statement of decision which discloses the factual basis for the court's decision. (Code Civ. Proc., § 632.) In the absence of a statement of decision, we will not construe the statement from the bench as a finding controverting the court's primary determination the transaction was within the purview of the prohibition against usury.

■ Concerning the question whether the agreement here under consideration is usurious, the trial court relied on *Crestwood Lumber Co.* v. *Citizens Sav. & Loan Assn.* (1978) 83 Cal.App.3d 819, 825 [148 Cal.Rptr. 129], in concluding it was usurious. The trial court's determination is correct. In *Crestwood* the transaction involved a cash sale, with the principal due within 10 days of receipt of the invoice. If the buyer chose to pay on time, he received a 2 percent discount. If the buyer did not, the principal was subject to an overdue finance charge of 1½ percent per month. *Crestwood* held this additional finance charge cannot be construed as part of the sale price for the purpose of categorizing the transaction as a "credit sale." *Crestwood* said: "The finance charge was added on after maturity of the debt. It is simply an assessment made by the seller in consideration for his 'waiting to collect a debt,' a debt which is undisputedly fully matured and owing." (*Ibid.*)

An identical analysis applies to the transaction in this case. When LSM failed to pay an invoice when due, the debt became fully matured and owing. The finance charge was added on after the maturity of the debt. Since the finance charge exceeded that allowed by law, it was usurious.

*Fox* v. *Federated Department Stores, Inc.* (1979) 94 Cal.App.3d 867 [156 Cal.Rptr. 893], on which McDowell relies to assert the transaction in its case is not usurious, involved credit card sales of goods and services sanctioned by section 1810.2 of the Unruh Act. *Fox* held the sales of goods and services are bona fide sales to which the doctrine of "time-price" applies, and that a "time-price" or "finance charge" is not a form of interest. (*Id.* at p. 872.) In light of the specific statutory sanction for such transactions, *Fox* has no bearing on the present case.

■ This leaves the main question of whether the 10 percent interest rate of section 3289, subdivision (b), is payable where the contract provides a usurious rate. It has been held in the case of a promissory note which provides a usurious rate of interest that an attempt to exact a usurious rate of interest renders the interest provisions of the note void but does not affect the right of the payee to recover the principal amount of the note when due. (*Epstein* v. *Frank* (1981) 125 Cal.App.3d 111, 122-123 [177 Cal.Rptr. 831].)

The inclusion of a usurious interest provision results, in effect, in a note payable at maturity without interest. (*Ibid.*)

*Epstein* explains: "The payee of a noninterest-bearing note is entitled to interest at the legal rate from the date the note matures until the date of judgment. (*Puppo* v. *Larosa* (1924) 194 Cal. 717 [230 P. 439].) In such instances interest is awarded in the nature of damages for the retention of the principal amount of the note and not by virtue of any provision in the note. By analogy, therefore, the payee of a note with a usurious interest provision would be entitled to damages in the nature of interest at the legal rate for that period of time which the obligor on the note withheld the principal beyond the date of maturity.

"The denial of interest up until the maturity of the note is a sufficient deterrent against the exacting of usurious interest. The payee, notwithstanding the usury, has the right to recover the principal of the note in full on the date of its maturity. If the obligor improperly withholds payment of this obligation it is neither unjust nor contrary to policy that he be chargeable with interest at the legal rate from the date he was obligated to pay the note until the date he discharges that obligation, or to the date a judgment is rendered against him." (125 Cal.App.3d at p. 123.)

*Epstein* points out, too, that the former rule that there be no recovery of interest in a usurious transaction either before or after the maturity of the debt derived from the language of an initiative adopted in 1918. However, in 1934 article XX of the California Constitution was amended to add section 22 which limited the maximum rate of interest chargeable to 10 percent per annum. Nothing in section 22 prohibits a lender from recovering postmaturity interest from a borrower. (125 Cal.App.3d at pp. 123-124.)

The same is true of present article XV, section 1, as adopted June 8, 1976, and amended November 6, 1979. (See 1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 475, p. 424.)

The *Epstein* rationale applies to this case where the principal amount became due February 3, 1987, the date of the breach of contract. As in the case of a note unpaid at maturity, no reason exists for depriving McDowell of interest on that matured principal amount. Also as in the case of a usurious note, since the usurious interest provision is void, the "contract . . . does not stipulate a legal rate of interest . . . ." (§ 3289, subd. (b).) Accordingly, the express language of section 3289, subdivision (b), applies, i.e., "the obligation shall bear interest at a rate of 10 percent per annum after a breach." (*Ibid.*)

The trial court correctly awarded interest to McDowell under section 3289, subdivision (b).

## DISPOSITION

Judgment affirmed.

Work, Acting P. J., and Huffman, J., concurred.