Filed 12/17/21  Crocus Advisors v. Habashi CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIRST APPELLATE DISTRICT

# DIVISION ONE

| | |
|---|---|
| CROCUS ADVISORS, INC., et al.,<br><br>Plaintiffs and Respondents,<br><br>v.<br><br>EHAB HABASHI et al.,<br><br>Defendants and Appellants. | A161032<br><br>(Marin County<br>Super. Ct. No.<br>CIV1901900) |

## MEMORANDUM OPINION[1]

This is an appeal from a judgment following a bench trial in an action to enforce private loan agreements.  Defendants and appellants Ehab Habashi and Linda Habashi, who have represented themselves throughout these proceedings, have submitted an extremely limited record on appeal.  As we explain, we can discern no error based on that record, and therefore affirm the judgment.

The record consists of a clerk's transcript containing the following:  an unverified complaint filed May 15, 2019, a memorandum of points and authorities to continue the trial date filed on July 8, 2020 (two days after the

---

[1] We resolve this case by Memorandum Opinion pursuant to California Standards of Judicial Administration, section 8.1.

case was first called for trial), three plaintiffs' trial exhibits, three defense trial exhibits, a two-page order after bench trial;[2] and a two-page judgment.[3] The defendants did not designate a reporter's transcript.

It is a fundamental maxim of appellate jurisprudence that our review is limited to matters in the record on appeal. (See *People v. Neilson* (2007) 154 Cal.App.4th 1529, 1534 [appellant "has the burden of furnishing an appellate court with a record sufficient to consider the issues on appeal" and an "appellate court's review is limited to consideration of the matters contained in the appellate record"].) We therefore disregard all statements and assertions in defendants' briefing that are unsupported by citation to the record.[4] (See Cal. Rules of Court, rule 8.204(a)(1)(C) & (a)(2)(C) [appellant's opening brief must include a summary of significant facts limited to matters in the record, with any reference to a matter in the record supported by a citation to the volume and page number of the record].)

This is what we know based on the limited clerk's transcript defendants have provided:

In May 2019, plaintiffs Creation Partners, LLP, Crocus Advisors, Inc., David Demers, Wade Nesmith and David Blaiklock (collectively plaintiffs) filed a complaint based on a number of alleged "loan" agreements (referred to as the "May 2017 Loans" (totaling $100,000), "the November 2017 Loans"

---

[2] Defendants did not request a statement of decision.

[3] The register of actions indicates the court ruled from the bench and asked plaintiffs' counsel to prepare a proposed judgment.

[4] These principles apply regardless of the fact defendants are representing themselves. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) We treat self-represented litigants like any other party, affording them " 'the same, but no greater consideration than other litigants and attorneys.' " (*Id.* at p. 1247.)

(totaling $100,000), and "2018" loans (totaling $600,000), executed by the defendants and/or their business entities. The defendants and/or their business entities failed to repay the loans. Plaintiffs sought repayment of the principal and interest, and fees.

The case was called for a court trial on July 6, 2020. After the court stated it could not hear the case that day, the defendants stated they would be seeking approval to file a cross-complaint. The court continued the trial date for two weeks, to July 20.

On July 8, defendants filed a "Memorandum of Points and Authorities in Support of Motion to Continue Trial Date." (Some capitalization omitted.) They sought a four-to six-month continuance to file a cross-complaint based on usury and to conduct discovery on that issue. In their memorandum, defendants reported that plaintiffs opposed a continuance.

On July 20, the trial court granted a continuance to August 10, in light of Linda Habashi's recent surgery. The court stated it was "not considering" defendants' motion to file a cross-complaint. (Capitalization omitted.)

Trial duly commenced on August 10.

Plaintiffs entered a number of exhibits into evidence. The record includes only three of these exhibits, exhibits 1, 2 and 3.[5] Exhibits 1 and 2

---

[5] Defendants attached a list of other supposed exhibits to their designation of record. But other than the exhibits that are included in the clerk's transcript, the listed exhibits do not match up with the exhibit descriptions in the clerk's register of actions entries. In any case, as the appellants, it was defendants' responsibility to correct any omission in the clerk's transcript. (See Cal. Rules of Court, rule 8.155(b)(1)–(2) [if clerk omitted material designated for inclusion in record, remedy is to file motion in superior court; if clerk does not comply within 10 days, party may serve and file motion to augment]; Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 2021) ¶¶ 4:305; 5:143; see *id.* at ¶ 4:279

are a "Replacement Loan Agreement" and "Loan Agreement," respectively, both dated December 5, 2017, wherein plaintiff Nesmith is the " 'Lender.' " Exhibit 3 is an "Agreement," dated May 29, 2017, wherein plaintiff Demers is the "Lender." (Plaintiffs entered into evidence two other loan agreements, which are not in the record on appeal.)

Defendants also entered a number of exhibits into evidence. The record includes only three of these, exhibits A, B, and C. Exhibit A is copies of checks payable to Nesmith. Exhibit B is a copy of a wire transfer order for the benefit of Creation Partners LLP (which according to the allegations of the complaint facilitated the 2018 loans). Exhibit C is copies of checks payable to Demers.

The "Order After Bench Trial" does not discuss the evidence or the parties' arguments. (Some capitalization omitted.) Rather, it simply orders that plaintiffs Nesmith, Demers and Crocus Advisors, Inc. are "entitled to judgment" in various specified amounts, including interest in specified amounts. The "Judgment" is even more perfunctory, specifying these three plaintiffs are entitled to judgment in three specific amounts.

As best as we can understand, the thrust of defendants' appeal is that the loans violated the usury laws. Given the limited record before us, this is not an issue we can decide.

"The purpose of the usury law is ' "to protect the necessitous, impecunious borrower who is unable to acquire credit from the usual sources and is forced by his economic circumstances to resort to excessively costly funds to meet his financial needs." ' (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 804–805 . . . (*Ghirardo*).) Our Supreme Court has noted that 'the usury

[record should be thoroughly checked as soon as possible after it has been filed].)

4

law is complex and is riddled with so many exceptions that the law's application itself seems to be the exception rather than the rule.' (*Id.* at p. 807. . . .)" (*Bisno v. Kahn* (2014) 225 Cal.App.4th 1087, 1097 (*Bisno*).)

" 'The essential elements of usury are: (1) The transaction must be a loan or forbearance; (2) the interest to be paid must exceed the statutory maximum; (3) the loan and interest must be absolutely repayable by the borrower; and (4) the lender must have a willful intent to enter into a usurious transaction.' (*Ghirardo, supra*, 8 Cal.4th at p. 798. . . .) 'A transaction is rebuttably presumed not to be usurious.' (*Ibid.*)" (*Bisno, supra,* 225 Cal.App.4th at p. 1097, italics omitted.)

" ' "When a loan is usurious, the creditor is entitled to repayment of the principal sum only. He is entitled to no interest whatsoever. [Citations.]" [Citation.]' (*Gibbo v. Berger* (2004) 123 Cal.App.4th 396, 403. . . .) 'The attempt to exact the usurious rate of interest renders the interest provisions of a note void. [Citations.]' (*Epstein v. Frank* (1981) 125 Cal.App.3d 111, 122–123. . . .) Furthermore, interest payments that were made at the usurious rate should be credited against the principal balance in any action to collect on the note." (*Hardwick v. Wilcox* (2017) 11 Cal.App.5th 975, 979 (*Wilcox*).)

"It is a question of fact as to whether a particular transaction is or is not usurious. (*Middlekauf v. Vinson* [(1951)] 106 Cal.App.2d 204. . . .) Where the form of the transaction makes it appear to be nonusurious, it is for the trier of the fact to determine whether the intent of the contracting parties was that disclosed by the form adopted, or whether such form was a mere sham and subterfuge to cover up a usurious transaction. (*Martyn v. Leslie* [(1955)] 137 Cal.App.2d 41. . . .) The trial court may look beyond the form of the transaction and ascertain its substance. (*Batchelor v. Mandigo* [(1950)]

5

95 Cal.App.2d 816. . . .)" (*Simmons v. Patrick* (1962) 211 Cal.App.2d 383, 388.)

However, where all the material facts are before the trial court and are undisputed, whether or not the transaction is usurious becomes a question of law subject to de novo review on appeal. (*Ghirardo, supra,* 8 Cal.4th at p. 799; see e.g., *Wilcox, supra,* 11 Cal.App.5th at pp. 978, 985–987 [affirming judgment for payor based in part on summary judgment on stipulated facts]; *Jones v. Wells Fargo Bank* (2003) 112 Cal.App.4th 1527, 1532, 1534–1539 [affirming dismissal after sustaining payee's demurrer].)

The first difficulty we face in the instant case is that defendants failed to raise usury as an affirmative defense in their answer and, indeed, failed to raise the issue at all until after the case was called for trial. At that point, as we have recited, they filed a motion for a four-to six-month continuance to file a cross-complaint raising the issue and to conduct discovery thereon. While the trial court granted a short continuance to accommodate Linda Habashi's surgery, it refused to grant defendants' motion for an extended continuance to reopen the pleadings and reopen discovery.

"The decision to grant or deny a continuance is committed to the sound discretion of the trial court. [Citation.] The trial court's exercise of that discretion will be upheld if it is based on a reasoned judgment and complies with legal principles and policies appropriate to the case before the court. [Citation.] A reviewing court may not disturb the exercise of discretion by a trial court in the absence of a clear abuse thereof appearing in the record." (*Forthmann v. Boyer* (2002) 97 Cal.App.4th 977, 984.) California Rules of Court, rule 3.1332(d), provides that in ruling on a request for a continuance "the court must consider all the facts and circumstances that are relevant to the determination." Among other facts and circumstances, the trial court

6

properly considers the proximity of the trial date, whether there were previous trial continuances, the length of the requested continuance, and the prejudice that parties or witnesses would suffer as a result of the continuance. (Cal. Rules of Court, rule 3.1332(d)(1)–(3), (5).) We discern no abuse of discretion based on the limited record before us. (See *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 (*Foust*) ["a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown"].)

Second, because the issue of usury was never before the trial court, no evidence was presented on the issue and the court made no findings in this regard. While defendants seem to suggest this court can decide the issue in the first instance, that is not the case. To begin with, as we have recited, not all of the relevant documents are in the record on appeal.

Further, the May and December 2017 documents that are in the record are not what one might describe as "typical" or "form" loan agreements by a lending institution, but rather, are private loan transactions that appear to be part of a business arrangement between the parties. They do expressly utilize the terminology " 'Loan,' " " 'Lender,' " " 'Borrower[],' " and "principal," and they expressly state that the "interest" rate is "10% per annum." But as defendants point out, two of the agreements (pertaining to plaintiff Nesmith) also include a "profit sharing" provision stating "25% of the consolidated pre-tax profit from all sales from the Loan Inventory will be paid as a bonus to Lenders, measured and paid on the Maturity Date." The third agreement (pertaining to plaintiff Demers) similarly includes a "profit sharing" provision stating "25% of the consolidated pre-tax profit from all sales from the Inventory multiplied by the fraction represented by $150,000/total average value of all Inventory sold over the 90 day period (the 'Profit sharing') will be

7

paid as a bonus to Lenders, measured and paid every 90 days, beginning on a date 90 days after commencement of this agreement."

However, since the issue of usury was not before the trial court, presumably no evidence pertaining to usury was presented to the court. In any case, there certainly is no evidence in the limited record before us as to the context in which these agreements were reached and as to the intent of the parties with respect to any of their provisions. Accordingly, we are confined on this record to presuming that the agreements are not usurious. (See *Ghirardo, supra,* 8 Cal.4th at pp. 798–799 [a "transaction is rebuttably presumed not to be usurious" and it is the borrower who "bears the burden of proving the essential elements of a usurious transaction," italics omitted].)

Finally, while defendants identify what is essentially a list of asserted errors by the trial court, for example on pages 25 and 26 of their opening brief, none of these assertions is supported by citations to the record, nor do defendants supply any legal discussion with any citation to legal authorities. We therefore deem these points to have been forfeited. An appellant has the burden "to support claims of error with meaningful argument and citation to authority. [Citations.] When legal argument with citation to authority is not furnished on a particular point, we may treat the point as forfeited and pass it without consideration. [Citations.] In addition, citing cases without any discussion of their application to the present case results in forfeiture. [Citations.] We are not required to examine undeveloped claims or to supply arguments for the litigants." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52; see *Foust, supra,* 198 Cal.App.4th at p. 187 [" ' "if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed" ' "].)

8

## DISPOSITION

The judgment is AFFIRMED. The parties to bear their own costs on appeal.

 

                             _____

                             Banke, J.

We concur:


_____

Humes, P.J.


_____

Margulies, J.


A161032, Crocus Advisors, Inc. et al v. Habashi et al

1