UNITED STATES of America,
Plaintiff-Appellee,

v.

Marvin MILLER et al., Defendants-
Appellants.

No. 71–1850.

United States Court of Appeals,
Ninth Circuit.

Aug. 31, 1973.

Harvey Giss (argued), Isman & Giss, Burton Marks, Marks, Sherman & Schwartz, Beverly Hills, Cal., for defendants-appellants.

Brian J. O'Neill, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., David R. Nissen, Michael Heuer, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, KOELSCH and CARTER, Circuit Judges.

ORDER

The Supreme Court, on June 26, 1973, vacated the judgment in the above case and remanded it to this court for reconsideration. —— U.S. ——, 93 S.Ct. 3042, 37 L.Ed.2d 1023.

We reaffirm the convictions and adopt our previously reported opinion in 4 Cir., 455 F.2d 899, on the authority of Miller v. California, —— U.S. ——, 93 S. Ct. 2607, 37 L.Ed.2d 419 (1973), and United States v. 12 200-Ft. Reels of Super 8mm Film (No. 70–2), —— U.S. ——, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973).

The question of whether a local or a national standard should be applied in this federal prosecution under 18 U.S.C. § 1461 was not raised below or on appeal. Expert testimony was introduced by the Government to the effect that the content of the picture magazines and the books appealed to a prurient interest and that the books contained no social redeeming value. The testimony did not indicate whether it was based on a local or a national standard.

United States v. One Reel of Film (1 Cir. 1973) 481 F.2d 206, indicates that on a prosecution for forfeiture of obscene material under 19 U.S.C. § 1305(a), a national standard would be necessary, even though United States v. 12 200-Ft. Reels of Super 8mm Film, —— U.S. —— at ——, 93 S.Ct. 2665 at 2670 (1973) states: "These standards [Miller v. United States, —— U.S. ——, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973)] are applicable to federal legislation."

In view of Paris Adult Theatre I v. Slaton, —— U.S. ——, ——, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973) which holds that expert testimony is not necessary, and the fact that the question was not raised below or on appeal in this case, and the fact that the material in each count is clearly obscene under either a local or a national standard, we do not reach the question here.

The convictions are reaffirmed.