No. 73–1075. THEVIS *v.* UNITED STATES; and

No. 73–1091. PEACHTREE NEWS CO., INC. *v.* UNITED STATES. C. A. 5th Cir. Certiorari denied. MR. JUSTICE DOUGLAS, being of the view that any federal ban on obscenity is prohibited by the First Amendment (see *United States* v. *12 200-ft. Reels of Film,* 413 U. S. 123, 130 (1973) (DOUGLAS, J., dissenting)), would grant certiorari and reverse the judgment. Reported below: 484 F. 2d 1149.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioners were convicted in the United States District Court for the Middle District of Florida on charges of using a common carrier for carriage of allegedly obscene

matter in violation of 18 U. S. C. § 1462, which provides in pertinent part as follows:

> "Whoever . . . knowingly uses any express company or other common carrier, for carriage in interstate or foreign commerce—
>
> "(a) any obscene, lewd, lascivious, or filthy book, pamphlet, picture, motion-picture film, paper, letter, writing, print, or other matter of indecent character . . .
>
> .          .          .          .          .
>
> "Shall be fined not more than $5,000 or imprisoned not more than five years, or both . . . ."

The Court of Appeals for the Fifth Circuit affirmed the convictions on six counts. 484 F. 2d 1149.

I adhere to my dissent in *United States* v. *Orito,* 413 U. S. 139, 147 (1973), in which, speaking of 18 U. S. C. § 1462, I expressed the view that "[w]hatever the extent of the Federal Government's power to bar the distribution of allegedly obscene material to juveniles or the offensive exposure of such material to unconsenting adults, the statute before us is clearly overbroad and unconstitutional on its face." *Id.,* at 147–148. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, and, since the judgment of the Court of Appeals for the Fifth Circuit was rendered after *Orito,* reverse.* In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Moreover, on the basis of the Court's own holding in *Jenkins* v. *Georgia, ante,* p. 153, its denials of certiorari are

---

*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the cases be decided on the merits.

improper. As permitted by Rule 21 (1) of the Rules of this Court, which provides that the record in a case need not be certified to this Court, the petitioners did not certify the allegedly obscene materials involved in these cases. It is plain, therefore, that the Court, which has not requested the certification of those materials, has failed to discharge its admitted responsibility under *Jenkins* independently to review those materials under the second and third parts of the *Miller* obscenity test. Nor can it be assumed that the court below performed such a review, since that responsibility was not made clear until *Jenkins*. Petitioners have thus never been provided the independent judicial review to which the Court held them entitled in *Jenkins*. At a minimum, the Court should vacate the judgment below and remand for such a review.

Finally, it does not appear from the petition and response that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States, ante*, p. 141, I believe that, consistent with the Due Process Clause, petitioners must be given an opportunity to have their cases decided on, and to introduce evidence relevant to, the legal standard upon which their convictions have ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgment below and remand for determinations whether petitioners should be afforded new trials under local community standards.