**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Alex HARDING, a/k/a Mark Harding,
Defendant-Appellant.**

**No. 74–1323.**

United States Court of Appeals,
Tenth Circuit.

Dec. 3, 1974.

Rehearing Denied Jan. 14, 1975.

Certiorari Denied March 24, 1975.
See 95 S.Ct. 1437.

James L. Treece, U. S. Atty., and William K. Hickey, Asst. U. S. Atty., for plaintiff-appellee.

Edward H. Sherman of Sherman, Sherman & Morgan, P. C., Denver, Colo., for defendant-appellant.

Before SETH, HOLLOWAY and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

The above cause is appealed to this court following a remand by the Supreme Court of the United States, 414 U.S. 964, 94 S.Ct. 274, 38 L.Ed.2d 211 (1973), and our remand to the district court pursuant thereto. The district

court then held a hearing to consider whether the changed standard of obscenity announced in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973) was capable of altering the result which had been previously reached. This was necessary because the allegedly obscene materials had not been before this court. Following a full hearing by the district court, we once again consider it.

Appellant was originally indicted on August 25, 1971 on a charge of receiving obscene books and films which had been transported in interstate commerce, contrary to 18 U.S.C. § 1462. Following a trial held in May 1972, the appellant was found guilty. This court affirmed the conviction, 475 F.2d 480 (10th Cir. 1973), and in so doing determined that the indictment was sufficient; that the search was legal; and that the stipulation entered into by defendant and the government as to obscenity was valid. The Supreme Court granted certiorari following which the judgment was vacated and the cause was remanded.[1]

Following remand we again considered the validity of the stipulation as to obscenity and determined that the only issue presented was whether the material involved was obscene under the Miller v. California test. We noted that *Miller* had modified the previous standards. Also, we considered whether the new standards made a favorable change from the standpoint of the accused. On this we concluded:

[T]he new standards are less exacting to the prosecution. Thus, proof of obscenity is much less difficult under these standards. We believe that material found to be obscene under the

*Roth-Memoirs* test would unquestionably satisfy the test contained in *Miller*.

491 F.2d 697 at 699.

At the retrial the district court reexamined the materials to confirm that they were the same that had previously been considered and heard the argument of appellant that the stipulation was no longer valid as a result of the changed conditions. On March 20, 1974 the trial court issued its order finding that the material was obscene under the *Miller* standard as well as under the *Roth-Memoirs* standards. The court did not delineate the community consideration, but it had no doubt that the material was obscene under *Miller* and it denied appellant's request that he be relieved of the stipulation.

The only issue presented to us is whether the trial court complied with the mandate of the Supreme Court and of this court.

■ As is clear from the mandate quoted herein, no particular procedure was ordered by the Supreme Court. The mandate simply called for *consideration* in the light of subsequent cited cases. However, the district court and this court as well went further. The district court gave the appellant full opportunity to be heard. Nevertheless, the point which he features here is that he did not get a full-scale trial by a jury on the remand. The trial court from an examination of the record and the statements of counsel found in the light of *Miller* that there was no basis for relieving appellant from the stipulation. We agree.

1. The terms of the remand are as follows: . . . . that this cause be, and the same is hereby, remanded . . . . for further consideration in light of Miller v. California, 413 U.S. 15 [93 S.Ct. 2607, 37 L.Ed. 2d 419] (1973) ; Paris Adult Theatre I v. Slaton, 413 U.S. 49 [93 S.Ct. 2628, 37 L. Ed.2d 446] (1973) ; Kaplan v. California, 413 U.S. 115 [93 S.Ct. 2680, 37 L.Ed.2d 492] (1973) ; United States v. 12 200-Ft. Reels of Super 8mm. Film, 413 U.S. 123 [93 S.Ct. 2665, 37 L.Ed.2d 500] (1973) ; United States v. Orito, 413 U.S. 139 [93 S.Ct. 2674, 37 L.Ed.2d 513] (1973) ; Heller v. New York, 413 U.S. 483 [93 S.Ct. 2789, 37 L.Ed.2d 745] (1973) ; Roaden v. Kentucky, 413 U.S. 496 [93 S.Ct. 2796, 37 L.Ed.2d 757] (1973) ; and Alexander v. Virginia, 413 U.S. 836 [93 S.Ct. 2803, 37 L.Ed.2d 993] (1973).

Appellant's further arguments include the following:

1. The tests set forth in *Miller* are substantially different from the *Roth-Memoirs* standards.

 a. *Miller* requires that the materials depict or describe sexual conduct specifically defined by state law.

 b. The *Roth-Memoirs* test of no "redeeming social value" was replaced in *Miller* by a test of lack of serious literary, artistic, political or scientific value.

 c. *Miller* refers to a community standard, not a national standard. The standards of Metropolitan Denver may well be more liberal than a national standard.

2. Given the differences in the two tests, defendant would not have stipulated to obscenity under the *Miller* case.

3. Failure to relieve defendant of his stipulation where the standards of obscenity have changed deprives him of his right to have the jury decide the issue of obscenity. The trial court is not authorized to decide whether the material is obscene under *Miller*.

The trial court's decision could be affirmed on the basis that it complied with the mandate and that no grounds exist for disturbing its finding of obscenity under the *Miller* test. However, we also think that subsequent decisions of the Supreme Court support the prior decision of this court. Thus, in Hamling v. United States, 418 U.S. 87, 94 S. Ct. 2887, 41 L.Ed.2d 590 (1974) the defendants were indicted for using the mails for the purpose of carrying an obscene book and advertisement. They were convicted prior to the *Miller* decision. The Court of Appeals there denied the petition for rehearing but reconsidered the cause after the *Miller* case was announced. The problem presented to the Court of Appeals for the Ninth Circuit in *Hamling* was almost identical with that which we have before us. 481 F.2d 307. It was recognized by the Supreme Court in *Hamling* that the

juror applies his knowledge of contemporary community standards under the *Miller* test as opposed to application of a national standard under the *Roth-Memoirs* standard. In response to the defendant's contention (in *Hamling*) that the jury had been instructed to apply national standards and that the *Miller* case had invalidated that approach, the Supreme Court said:

> *Miller* rejected the view that the First and Fourteenth Amendments require that the proscription of obscenity be based on uniform nationwide standards of what is obscene . . . . But in so doing the Court did not require as a constitutional matter the substitution of some smaller geographical area into the same sort of formula . . . .

94 S.Ct. at 2901.

The Supreme Court observed in *Hamling* that whether a national or a local standard is used the adjudication must be an objective one and not subjective. The Court remarked that the distinction between national and local standards is often "gossamer."

■ At bar appellant asserts that his stipulation was made in relation to a national standard, whereas the recent Supreme Court decisions hold that the juror is entitled to consider the community standard. But the Court did not say that a juror is constitutionally limited to considering local standards. The trial court determined that the materials in question would be found obscene under contemporary community standards, and hence we fail to see that there could be any prejudice as a result of the stipulation of obscenity.

■ Appellant also argues that the definitions contained in the state laws should now, under the present standard, be submitted to the jury. We must reject this. Surely the Supreme Court did not in *Miller* decree that state laws would henceforth govern these federal prosecutions. The appellant makes no claims that the books and films did not depict conduct such as the examples cit-

ed in *Miller*.[2] Moreover, he does not claim a lack of notice under either the prior or present standards. Accordingly, there is no basis for holding that he was prejudiced by the stipulation.

The *Hamling* case also answers appellant's final reason for being relieved of the stipulation. He argues that *Miller* substitutes a test of lack of serious artistic or social merit for the *Roth-Memoirs* test of utterly without redeeming social value. He claims that this change is so substantial that he would not have stipulated to obscenity. The defendants in *Hamling* maintained that the test under the statute there applied was invalid because vague. However, the Court said:

> [O]ur opinion in *Miller* plainly indicates that we rejected the *Memoirs* "social value" formulation . . . because it represented a departure from the definition of obscenity in *Roth*, and because in calling on the prosecution to "prove a negative," it imposed a "[prosecutorial] burden virtually impossible to discharge" and which was not constitutionally required. . . . Since *Miller* permits the imposition of a lesser burden on the prosecution in this phase of the proof of obscenity than did *Memoirs*, and since the jury convicted these petitioners on the basis of an instruction concededly based on the *Memoirs* test, petitioners derive no benefit from the revision of that test in *Miller*.

94 S.Ct. at 2907.

**2.** (a) Patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated.
(b) Patently offensive representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals.
413 U.S. at 25, 93 S.Ct. at 2615.

**3.** Many cases, both state and federal, have been remanded for further consideration in light of *Miller* and the other obscenity cases decided that day. Several courts have decided the question of obscenity under the new *Miller* tests without remanding for a new trial. *See, e. g.* United States v. Groner, 494 F.2d 499 (5th Cir. 1974), petition for

■ And so appellant by stipulating that the materials were without redeeming social value also stipulated that they were without serious artistic or social merit. We are unable to perceive unfairness or injustice in holding him to his stipulation.

In view of the fact that the appellant has failed to show prejudice as required by the Supreme Court's decision in *Hamling*, we must conclude that he was not entitled to a new trial and that the trial court's findings amount to a determination that the material here is obscene under either or both the *Miller* and *Roth-Memoirs* standards.

The judgment is affirmed.[3]

cert. filed, 43 U.S.L.W. 3001 (U.S. June 24, 1974) (No. 73–1932); United States v. Cote, 485 F.2d 574 (5th Cir. 1973), cert. denied, 418 U.S. 954, 94 S.Ct. 3217, 41 L.Ed.2d 1166 (1974); United States v. Miller, 482 F.2d 1379 (9th Cir. 1973). *See also* United States v. One Reel of 35 MM Color Motion Picture Film, 491 F.2d 956 (2d Cir. 1974); United States v. Thevis, 484 F.2d 1149 (5th Cir. 1973), cert. denied, 418 U.S. 932, 94 S. Ct. 3222, 41 L.Ed.2d 1170 (1974); United States v. One Reel of Film, 481 F.2d 206 (1st Cir. 1973). In these latter cases the trial was held before *Miller* was announced, but the Courts of Appeals did not act until after *Miller*.