[No. A030395. First Dist., Div. Three. July 29, 1986.]

ANTONIO R. CARDOSO et al., Plaintiffs and Appellants, v. AMERICAN MEDICAL SYSTEMS, INC., Defendant and Respondent.

COUNSEL

Judith Helman for Plaintiffs and Appellants.

Stephen C. Kenney, Ken M. Markowitz, Robert G. Harrison and Fisher & Hurst for Defendant and Respondent.

OPINION

MERRILL, J.—Plaintiffs and appellants Antonio and Dorothy Cardoso appeal from a judgment of dismissal entered after the demurrer to their amended complaint was sustained without leave to amend. Appellants' action is for personal injury caused by a malfunctioning inflatable penile implant manufactured by respondent American Medical Systems, Inc., a Minnesota corporation. The trial court ruled that appellants' action was barred by the one-year statute of limitations set forth in Code of Civil Procedure section

340, subdivision 3,[1] and that the statute was not tolled by the provisions of section 351.[2] We agree.

I

Appellant Antonio Cardoso alleged in his original complaint that in June 1980 he was the recipient of an implanted penile prosthesis, manufactured by respondent American Medical Systems, Inc. Respondent is a foreign corporation, organized under the laws of the State of Minnesota with its principal place of business in Minnetonka, Minnesota. Respondent is engaged in the business of manufacturing an inflatable penile prosthesis and selling this product to physicians, hospitals, and the general public.

The prosthesis apparently operated in a satisfactory manner for nearly three years, since appellant Antonio Cardoso alleged that the failure or defect of the device did not manifest itself until around April 1, 1983. He alleged that he suffered severe injuries to his health as a result of the failure of the prosthesis. He discovered on April 15, 1983, that the mechanical failure of the prosthesis was the cause of his injuries, being advised of that fact by his physician on that date. Appellant Dorothy Cardoso joins her husband in the complaint and complains for loss of consortium.

The original complaint was filed April 24, 1984. Respondent demurred to appellants' complaint on the grounds that the action was barred by the one-year statute of limitations set forth in section 340, subdivision 3. The trial court sustained respondent's demurrer with leave to amend.

Appellants then filed an amended complaint which again alleged that the prosthesis implanted in appellant Antonio Cardoso began to malfunction around April 1, 1983, and that on or about April 15, 1983, he learned that his injuries were caused by the malfunctioning of the prosthesis. Respondent demurred to appellants' amended complaint, contending again that the amended complaint disclosed on its face that appellants' causes of action were barred by the one-year statute of limitations. The trial court sustained the demurrer without leave to amend. A judgment of dismissal was then entered in favor of respondent.

---

[1]Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

[2]Section 351 provides: "If, when the cause of action accrues against a person, he is out of the State, the action may be commenced within the term herein limited, after his return to the State, and if, after the cause of action accrues, he departs from the State, the time of his absence is not part of the time limited for the commencement of the action."

## II

Without addressing whether appellants' causes of action accrued on April 1 or April 15, 1983, it is clear that more than one year elapsed before the filing of the complaint on April 24, 1984. Section 340, subdivision 3, provides in pertinent part that the period for the commencement of "[a]n action for . . . injury to or for the death of one caused by the wrongful act or neglect of another . . ." is one year.

Appellants contend that their complaint is not barred by the one-year statute of limitations because respondent is a foreign corporation and is therefore out of the state, and thus section 351 tolls the statute of limitations. We find that appellants' position is without merit.

The trial court's ruling is supported by *Loope* v. *Greyhound Lines, Inc.* (1952) 114 Cal.App.2d 611 [250 P.2d 651] and a host of cases that have followed *Loope.* In *Loope,* plaintiff's action was for personal injuries and property damage arising out of a vehicle collision, allegedly caused by the negligence of Greyhound Lines and the driver of its bus individually. (*Id.,* at p. 612.) Plaintiff's amended complaint alleged that both the defendant corporation and driver were absent from the State of California for more than 20 days. (*Id.,* at pp. 612-613.) Plaintiff claimed that the statute of limitations was tolled during the defendants' absence due to the provisions of section 351.

The *Loope* court agreed that a cause of action was stated as to the driver because he may have been out of the state as alleged in the amended complaint. However, the court held that the tolling provisions of section 351 were inapplicable to defendant Greyhound Lines Corporation in view of the California statutory provisions relative to service of summons on foreign corporations. (*Loope* v. *Greyhound Lines, Inc., supra,* 114 Cal.App.2d at p. 614.)

California Corporations Code section 2111 provides that a foreign corporation is amenable to service in California by service upon the Secretary of State.[3]

---

[3]Corporations Code section 2111 provides in relevant part: "(a) . . . [I]f no agent has been designated and if no one of the officers or agents of the corporation specified in Section 2110 can be found after diligent search and it is so shown by affidavit to the satisfaction of the court, then the court may make an order that service be made by personal delivery to the Secretary of State . . . . [¶] (b) Upon receipt of the process and order and the fee therefor the Secretary of State forthwith shall give notice to the corporation of the service of the process by forwarding by registered mail, with request for return receipt, a copy of the process and order to the address specified in the order if the corporation has not filed the statement required by Section 2105 . . . ."

In the case at bench, respondent corporation is organized under the laws of the State of Minnesota. As a foreign corporation, it was amenable to service in California by service upon the Secretary of State during the period of April 1, 1983, to April 24, 1984. Hence, the tolling provisions of section 351 are inapplicable to respondent. (*Loope* v. *Greyhound Lines, Inc., supra,* 114 Cal.App.2d at p. 614.) Because appellants did not file their complaint until more than one year after their causes of action accrued, this action is barred by the one-year statute of limitations set forth in section 340, subdivision 3.

Appellants attempt to avoid the application of *Loope* in this instance by contending that the previously cited language in *Loope* was mere dictum, and that *Loope* has been subsequently overruled by *Dew* v. *Appleberry* (1979) 23 Cal.3d 630 [153 Cal.Rptr. 219, 591 P.2d 509]. In *Dew,* the court held that section 351 tolls the statute of limitations when an individual defendant is physically absent from the state. The court concluded that an individual defendant's amenability to substituted service of process is irrelevant under the tolling provisions of the statute. (*Id.,* at p. 632.)

Appellants contend that the holding in *Dew* severely undercuts the holding in *Loope.* This contention is unpersuasive. Although the *Dew* court recognized that on the facts before it, the availability of substituted service on individuals does not prevent application of section 351 in certain situations, it acknowledged that "the Legislature is clearly aware of the statute's broad ramifications, and has modified the reach of the rule in appropriate circumstances." (*Dew* v. *Appleberry, supra,* 23 Cal.3d at pp. 634-635.) The *Dew* court cited *Loope* as an example of the awareness of the Legislature of the reach of section 351 with respect to substituted service on foreign corporations. The *Dew* court noted that *Loope* recognized that Corporations Code section 2111, providing for service of process on foreign corporations through the Secretary of State rendered the provisions of section 351 inapplicable to such corporations. (*Dew* v. *Appleberry, supra,* 23 Cal.3d at p. 635, fn. 8.) Thus, contrary to appellants' assertion, the *Dew* opinion confirms the holding in *Loope,* rather than disapproving it.

California cases have often cited *Loope* as authority for the proposition that the tolling provisions of section 351 are inapplicable to a defendant foreign corporation doing business in California. "It has been held, however, that section 351, which suspends the statute of limitations while a defendant is absent from the state, does not apply to a foreign corporation doing business within the state when personal service can be made on the corporation through the Secretary of State." (*Raynolds* v. *Volkswagenwerk Aktiengesellschaft* (1969) 275 Cal.App.2d 997, 1002 [80 Cal.Rptr. 610].) In *Rios* v. *Torvald Klaveness* (1969) 2 Cal.App.3d 1077 [83 Cal.Rptr. 150],

the court was called upon to determine if there was a tolling of the time for service of summons on a foreign corporation and in relying by analogy on the holding in *Loope* the court stated: "It has been held that section 351 of the Code of Civil Procedure, the general provision tolling the running of the statute of limitation, is not applicable to foreign corporations because of the Corporations Code provisions permitting substituted service upon foreign corporations. [Citations.]" (*Id.*, at p. 1080, fn. omitted.)

In *Epstein* v. *Frank* (1981) 125 Cal.App.3d 111 [177 Cal.Rptr. 831], the court demonstrated how *Loope* continues to influence the decisions in California. The plaintiffs in *Epstein* contended that *Dew* v. *Appleberry, supra,* 23 Cal.3d 630, required that the statute of limitations should be tolled, pursuant to section 351, during the time that the sole general partner in a limited partnership was absent from the state. (*Epstein* v. *Frank, supra,* 125 Cal.App.3d at pp. 118, 120.) The *Epstein* court disagreed. The court found that certain procedural characteristics of partnerships cause them to be treated the same as corporations. For example, "a summons may be served upon a partnership entity by serving an agent designated for service of process (Code Civ. Proc., § 388) . . . ." (*Id.*, at p. 120.) The procedural similarities of partnerships and corporations led the *Epstein* court to conclude that for purposes of service of process, a limited partnership should be treated in the same manner as a corporation. Thus, the principles of *Loope* were held applicable and the statute of limitations was not tolled during the general partner's absence from the state. (*Ibid.*)

The *Epstein* court did not interpret *Dew* as overruling any of the principles of *Loope*. Rather, the *Epstein* court recognized that while tolling provisions may be applicable to an individual who is absent from the state and amenable to service of process, they are inapplicable to a foreign corporation which is amenable to service of process through the Secretary of State. (*Epstein* v. *Frank, supra,* 125 Cal.App.3d at pp. 119-120.)

Therefore, under *Loope* and its progeny, the availability of substituted service of process upon a foreign corporation renders the tolling provisions of section 351 inapplicable. To rule otherwise would result in the anomalous situation that a statute of limitations would never run in actions filed against foreign corporations. This would be contrary to the avowed purpose of such statutes to prevent stale claims. Appellants failed to file their complaint within the time period provided for in the statute of limitations and hence, the trial court properly found that appellants' action was barred by section 340, subdivision 3.

### III

█ Finally, appellants contend that even if section 340, subdivision 3, is not tolled pursuant to section 351, they have stated a cause of action for

breach of warranty, which is not barred by the one-year personal injury statute. We disagree.

While appellants have purported to state a cause of action for breach of warranty, the clear thrust of the cause is one for personal injury. It is basically the same as the cause of action alleging negligence. "It seems apparent that the legislative intent behind subdivision 3, section 340, Code of Civil Procedure, was not to restrict its coverage to tort actions independent of any contractual relation, but to provide a limitation of one year where personal injury or death results, regardless of the tort, contract or breach of express or implied warranty aspect of the case." (*Rubino* v. *Utah Canning Co.* (1954) 123 Cal.App.2d 18, 26 [266 P.2d 163].)

The trial court properly found that all of appellants' claims arose directly from the personal injuries allegedly sustained by appellants. The one-year statute of limitations provided for in section 340, subdivision 3, applies to each of these causes of action stemming from the damages suffered for personal injuries. Accordingly, the trial court properly sustained the demurrer to all causes of action.

The judgment is affirmed.

White, P. J., and Barry-Deal, J., concurred.