**Lewis I. ABRAMSON; World Coin Partners, Plaintiffs–Appellants,**

v.

**Joel F. BROWNSTEIN, Defendant–Appellee.**

**No. 88–1857.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 12, 1989.

Decided Feb. 21, 1990.

---

Mark M. Smith, San Francisco, Cal., for plaintiffs-appellants.

Peter A. Huppert, San Francisco, Cal., for defendant-appellee.

Before WRIGHT, HUG and LEAVY, Circuit Judges.

WRIGHT, Circuit Judge:

In this diversity action, we consider the constitutionality of California's statute of limitations tolling provision under the Commerce Clause.

## BACKGROUND

In June 1981, World Coin Partners ("World") and its general partner, Lewis Abramson, California residents, agreed to purchase gold coins and currency from Joel Brownstein, at that time a Massachusetts resident. The transaction was negotiated over the telephone. Abramson and World paid $56,600, but Brownstein never completely fulfilled his part of the contract.

In July 1987, Abramson and World filed a complaint against Brownstein, now a New York resident, in federal district court in Northern California. After the court dismissed that complaint with leave to amend, they filed an amended complaint alleging among other causes of action breach of contract, fraud, intentional misrepresentation, negligent misrepresentation, and conversion.

Abramson further alleged that, by a handwritten letter in September 1981, Brownstein said that he would pay Abramson the amount owed. Based on this and other assurances, and based on their relationship as personal friends and business acquaintances, Abramson alleged that he refrained from filing a complaint. He claims that he learned only in May 1987 that Brownstein never intended to pay him the money owed.

The court dismissed Abramson's amended complaint under Fed.R.Civ.P. 12(b)(6) on statute of limitations grounds. The district court had jurisdiction under 28 U.S.C. § 1332(a)(1), and we have jurisdiction under 28 U.S.C. § 1291.

## DISCUSSION

On appeal, Abramson argues that the statutes of limitations were tolled based on (1) California's tolling provision, Cal.Code Civ.P. § 351, (2) an agreement by the parties, and (3) estoppel.[1]

### I. *Standard of Review*

■ We review de novo the district court's interpretation of state law and its dismissal of a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir.1988). Our review is based on the contents of the complaint. We accept the allegations as true and construe them in the light most favorable to the plaintiff. *Love v. United States*, 871 F.2d 1488, 1491 (9th Cir.1989). Dismissal is improper unless " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Id.* (quoting *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir.1986), *cert. denied*, 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987)).

1. Abramson apparently admits that all of the relevant California limitations periods had expired at the commencement of his lawsuit.

2. If the highest state court has not directly addressed an issue, we look to the decision of the intermediate state courts of appeal. *Miller v.*

### II. *Application of California's Tolling Statute*

■ Abramson relies on California's tolling statute to argue that the district court erred in dismissing the complaint. Section 351 of the California Code of Civil Procedure provides:

If, when the cause of action accrues against a person, he is out of the State, the action may be commenced within the term herein limited, after his return to the State, and if, after the cause of action accrues, he departs from the State, the time of his absence is not part of the time limited for the commencement of the action.

The district court refused to apply the statute because Brownstein had never been a resident of California.

The California Court of Appeal has held that § 351 applies even though the defendant has never been physically present in the state.[2] *Cvecich v. Giardino*, 37 Cal. App.2d 394, 99 P.2d 573, 574–76 (1940); *see also Kohan v. Cohan*, 204 Cal.App.3d 915, 251 Cal.Rptr. 570, 573–75 (1988) (following *Cvecich*, § 351 applies to nonresidents who were not in the state when the cause of action accrued). We reject the district court's interpretation of California law, and find that the tolling statute applies to Abramson's complaint.

Brownstein argues for the first time on appeal, however, that the tolling provision is unconstitutional under the Commerce Clause based on the Supreme Court's decision in *Bendix Autolite Corp. v. Midwesco Enter., Inc.*, 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896 (1988). We may consider an argument not raised in the district court if it is based on a change in the law or if it is an issue of law not dependent on a factual record developed by the parties. *United States v. Whitten*, 706 F.2d 1000, 1012 (9th Cir.1983), *cert. denied*, 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984).

*Fairchild Indus., Inc.*, 797 F.2d 727, 735 (9th Cir.1986). We will follow the decision of the state court of appeal unless there is convincing evidence that the state supreme court would decide the issue differently. *Id.* There is no such evidence in this case.

*Bendix* was decided after the dismissal of Abramson's complaint, and the constitutionality of the tolling statute is a question of law. We shall address this constitutional argument.[3]

"Where a State denies ordinary legal defenses or like privileges to out-of-state persons or corporations engaged in commerce, the State law will be reviewed under the Commerce Clause to determine whether the denial is discriminatory on its face or an impermissible burden on commerce." *Bendix,* 108 S.Ct. at 2221–22. Brownstein was engaged in interstate commerce when, as a Massachusetts resident, he entered into a sales transaction with Californians Abramson and World.[4]

In *Bendix,* the Court held that Ohio's tolling statute was unconstitutional under the Commerce Clause, finding that the burden imposed on interstate commerce exceeded any local interest that the state might advance. *Id.* 108 S.Ct. at 2221. The Ohio statute imposed a significant burden because, in order to avoid tolling the statute of limitations, it required "a foreign corporation to appoint an agent for service in all cases and defend itself with reference to all transactions, including those in which it did not have the minimum contacts necessary for supporting personal jurisdiction."[5] *Id.*

In considering the state's interest in creating a tolling statute, the Court said:

> The ability to execute service of process on foreign corporations and entities is an important factor to consider in assessing the local interest in subjecting out-of-state entities to requirements more onerous than those imposed on domestic parties.
>
> ... Ohio cannot justify its statute as a means of protecting its residents from corporations who become liable for acts

done within the State but later withdraw from the jurisdiction, for it is conceded by all parties that *the Ohio long arm statute would have permitted service on Midwesco throughout the period of limitations.*

*Id.* at 2222 (emphasis added).

On its face, California's tolling statute is non-discriminatory because it treats alike residents and nonresidents of California. We next "weigh and assess the State's putative interests against the interstate restraints to determine if the burden imposed is an unreasonable one." *Id.* at 2220.

Section 351 violates the Commerce Clause under this analysis. On the burden side, the statute requires a person engaged in interstate commerce outside of California to be in California for the appropriate limitations period in order to avoid the application of the tolling statute. This is a different burden from the one imposed by the Ohio statute in *Bendix,* where foreign corporations were required to appoint an agent in Ohio and thereby subject themselves to the general jurisdiction of the Ohio courts in order to avoid the application of the tolling provision. Nevertheless, the California statutory scheme forces a nonresident individual engaged in interstate commerce to choose between being present in California for several years or forfeiture of the limitations defense, remaining subject to suit in California in perpetuity. *See id.* at 2221. Section 351 imposes a significant burden.

On the local interest side of the balancing analysis, the California Supreme Court has articulated the state's interest in applying the tolling statute. In *Dew v. Appleberry,* 23 Cal.3d 630, 153 Cal.Rptr. 219, 591 P.2d 509 (1979), the court held that the statute applies to persons even if they

---

**3.** The State of California declined our invitation to intervene and file a brief in this action. *See* 28 U.S.C. § 2403(b) (requiring notice to the state when the constitutionality of one of its statutes is at issue and it is not a party to the action in federal court).

**4.** The California Court of Appeal refused recently to consider a Commerce Clause challenge to

§ 351 because the defendants were not engaged in interstate commerce. *Kohan,* 251 Cal.Rptr. at 576.

**5.** In *Bendix,* the defendant was a corporation, whereas the defendant in this case is an individual.

are amenable to service of process.[6] It found:

> The Legislature may justifiably have concluded that a defendant's physical absence impedes his availability for suit, and that it would be inequitable to force a claimant to pursue the defendant out of state in order effectively to commence an action within the limitations period....
>
> ... [S]ection 351 ... rationally alleviates any hardship that would result by compelling plaintiff to pursue defendant out of state.

153 Cal.Rptr. at 223, 591 P.2d at 513.

Because this interest did not support the corresponding burden created by the Ohio tolling statute in *Bendix*, it also cannot support the burden created by § 351. Like the defendant in *Bendix*, the California long arm statute would have permitted service on Brownstein throughout the limitations period.[7] *See Bendix*, 108 S.Ct. at 2222. The California tolling statute is therefore unconstitutional.

### III. *Tolling by Agreement or Estoppel*

■■ Abramson and World also seek tolling of the statute of limitations in this case based on a written agreement. The parties to a contract may waive the running of the statute by express agreement. *County of Santa Clara v. Vargas*, 71 Cal. App.3d 510, 139 Cal.Rptr. 537, 543 (1977). The waiver must be in writing and signed by the person obligated. Cal.Code Civ.P. § 360.5.

In September 1981, Brownstein mailed Abramson a handwritten note, which was attached to the amended complaint:

> Lou—
>
> I sent this from NYC. Believe me, this check will be good!!! So will the other funds due you. I will get the $ from the four gold coins back. Please, just give me time!!!! not a lot either)
>
> Joel

This note contains no express agreement by Brownstein to toll or waive the statute.

■■ Finally, Abramson and World seek to toll the limitations period based on estoppel. Estoppel can be invoked when the delay in commencing suit is caused by the defendant's conduct. *Kurokawa v. Blum*, 199 Cal.App.3d 976, 245 Cal.Rptr. 463, 471 (1988). In *Kurokawa*, the plaintiff's estoppel claim was based on a series of promises the defendant allegedly made. *Id.* The court held that there was no triable issue of fact on the estoppel claim because the plaintiff did not assert that "the alleged promises were conditioned upon her refraining from initiating litigation or taking any action against [defendant] and that she did in reliance thereon forbear from such action." *Id.*

The same is true here. Abramson argues that estoppel applies based on Brownstein's September 1981 note and his partial payment of the amount due in late 1981. As the district court said, however, "it is not reasonable for the plaintiffs to have held off suing for six years" based on these representations. The statutes of

---

**6.** In situations where the California legislature has provided for substituted or constructive service of process, § 351 has been held *not* to apply. *Dew*, 153 Cal.Rptr. at 222, 591 P.2d 512. Thus, the tolling statute does not apply, for example, to (1) foreign corporations, *Cardoso v. American Medical Sys., Inc.*, 183 Cal.App.3d 994, 228 Cal.Rptr. 627, 628–29 (1986); (2) California limited partnerships when the sole general partner is absent from the state, *Epstein v. Frank*, 125 Cal.App.3d 111, 177 Cal.Rptr. 831, 835 (1981); and (3) nonresident motorists, *Bigelow v. Smik*, 6 Cal.App.3d 10, 85 Cal.Rptr. 613, 616 (1970).

**7.** The California long arm statute provides for the exercise of jurisdiction on any basis not inconsistent with the state or federal constitution. Cal.Code Civ.P. § 410.10. In this case, Brownstein consummated a transaction with a resident of California and Abramson's claim arose out of Brownstein's forum-related activities. *See Brainerd v. Governors of Univ. of Alberta*, 873 F.2d 1257, 1259 (9th Cir.1989). In addition, because Brownstein purposefully directed his activities into California, personal jurisdiction there is presumed to be reasonable. *Id.* at 1260 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S.Ct. 2174, 2184–85, 85 L.Ed.2d 528 (1985)). Brownstein would therefore have been subject to service of process in California under its long arm statute during the entire limitations period.

limitations were not tolled based on estoppel.

## IV. *Conclusion*

Because the California tolling statute is unconstitutional, and because the statutes of limitations for Abramson's and World's causes of action were not tolled by agreement or estoppel, we affirm the district court's dismissal of their complaint against Brownstein under Fed.R.Civ.P. 12(b)(6).

AFFIRMED.