**FINANCIAL BANCORP, INC.,**
**Plaintiff and Appellant,**

v.

**PINGREE AND DAHLE, INC.,**
**Defendant and Appellee.**

**No. 930597–CA.**

Court of Appeals of Utah.

Aug. 17, 1994.

---

David W. Scofield and Ronald F. Price, Salt Lake City, for appellant.

Appellee is not represented by counsel in this matter.

Before DAVIS, JACKSON and ORME, JJ.

## OPINION

DAVIS, Judge:

Appellant Financial Bancorp, Inc. (Financial) appeals from an order dismissing its complaint against Pingree & Dahle, Inc. (Pingree). Financial claims that the trial court abused its discretion in setting aside Pingree's default certificate and that it erred in concluding that Financial's complaint was barred by a California statute of limitations. We affirm the trial court's ruling setting aside the default certificate, and reverse and remand on the statute of limitations issue.

## FACTS

On or about May 1, 1986, Financial, a California corporation, and Pingree, a Utah corporation, entered into a "Listing Agreement and Authorization to Obtain Funding," under which Financial was to obtain financing for Pingree to build hotels in Oregon. Each party signed the contract in its respective state.

The contract provided that Financial was to be paid one percent of the loan amount as a service fee if Pingree cancelled the loan prior to funding but after Pingree approved the loan's terms and conditions. In December 1986, Pingree cancelled a loan obtained by Financial after approving the terms and conditions but prior to the date of funding. Pingree failed to pay Financial the agreed upon service fee for the loan.

On December 1, 1992, Financial filed a complaint against Pingree in Utah for breach of contract. Pingree failed to answer the complaint, and the trial court entered a default on January 5, 1993.

One day after the default certificate was entered, Pingree filed a motion to dismiss Financial's complaint, alleging that the applicable statute of limitations had run. Pingree relied on the choice of law provision in the parties' contract stating: "This agreement shall be governed by and construed in accordance with the laws of the State of California." Under California law, the statute of limitations governing a breach of a written contract is four years. Cal.Civ.Proc.Code § 337 (West 1994). The applicable Utah statute of limitations is six years. Utah Code Ann. § 78–12–23(2) (1992). Financial's complaint was filed a few days before the expiration of Utah's six-year limitations period.

On March 9, 1993, the trial court granted Pingree's motion to set aside the default certificate for good cause. In addition, basing its decision upon the California statute of limitations, the court dismissed Financial's complaint as time-barred. Financial appeals.

## ANALYSIS

■ Financial claims that the court erred in dismissing its complaint as time-barred because the complaint was timely filed under Utah law and California's four-year statute of limitations was not applicable.[1] When reviewing a trial court's ruling granting a motion to dismiss, "we accept the factual allegations in the complaint to be true and consider them and all reasonable inferences drawn therefrom in a light most favorable to the plaintiff." *Hunsaker v. State*, 870 P.2d 893, 897–98 (Utah 1993) (footnote omitted). The question of the propriety of the trial court's ruling presents a question of law, which we review for correctness. *Id.* at 898; *accord St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 196 (Utah 1991).

### Appropriate Statute of Limitations

■ We first address the question of whether Utah's six-year statute of limitations or California's four-year limitations period applies to the case at bar. The general rule of lex fori requires that matters of procedure be governed by the law of the forum, regardless of the parties' domicile, the law of the state in which the wrong was committed, or where the contract was made or breached. *Morris v. Sykes*, 624 P.2d 681, 684 n. 3 (Utah 1981) (holding that procedural issues in a contract action are governed by the law of the forum); *Crofoot v. Thatcher*, 19 Utah 212, 57 P. 171, 172 (1899) (law of forum state controls procedural issues such as limitations periods, while state law under which the contract was made governs substantive issues); *see also* Restatement (Second) Conflict of Laws § 122 cmt. b (1971).

■ Utah follows the majority position that limitation periods are generally procedural in nature. *Lee v. Gaufin*, 867 P.2d 572, 575 (Utah 1993). Therefore, as a general rule, Utah's statutes of limitations apply to actions brought in Utah.[2]

state's law unless the contract *expressly* provides for application of that state's statute of limitations. *Federal Deposit Ins. Corp. v. Petersen*, 770 F.2d 141, 142–43 (10th Cir.1985); *Unisys Fin. Corp. v. U.S. Vision, Inc.*, 428 Pa.Super. 107, 630 A.2d 55, 58 (1993). There being no such express provision in the subject contract, Utah's limitations period applies notwithstanding the California choice of law provision in the parties' contract.

1. Financial also contends that the court abused its discretion in setting aside Pingree's default certificate pursuant to Rule 55(c) of the Utah Rules of Civil Procedure. This argument is without merit and we decline to address it. *State v. Carter*, 776 P.2d 886, 896 (Utah 1989); *State v. Vigil*, 840 P.2d 788, 795 (Utah App.1992), *cert. denied*, 857 P.2d 948 (Utah 1993).

2. The lex fori rule applies regardless of a contract's choice of law provision selecting another

An exception to this rule that the law of the forum governs limitation periods is set forth in Utah Code Ann. § 78–12–45 (1992). That section provides in relevant part that "[w]hen a cause of action has arisen in another state or territory, . . . and by the laws thereof an action . . . cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state." *Id.* Thus, in order to determine the applicability of section 78–12–45, we must first determine whether Financial's cause of action arose in California.

### Place of Accrual of Cause of Action

■ Unless the contract states otherwise, a cause of action for a breach of contract generally arises where the contract is to be performed. *Aviation Credit Corp. v. Batchelor,* 190 So.2d 8, 10 (Fla.Dist.Ct.App.1966); *accord Baker v. First Nat'l Bank of Denver,* 603 P.2d 397 (Wyo.1979) (holding that cause of action arising from failure to foreclose on mortgage accrued in state where payee resided).

■ The only performance remaining under the contract in this case was payment of the loan service fee to Financial. Because the contract is silent regarding the place of payment, we presume payment was to be made where the payee resides or at its place of business. *Olsen v. Tholen,* 111 Utah 241, 177 P.2d 75, 77 (Utah 1947) (where contract fixes no place for payment, tender thereof at vendor's residence is sufficient); *see also Schecter v. Fishman,* 525 So.2d 502, 503 (Fla. Dist.Ct.App.1988) (holding that where contract does not expressly provide place of payment, payment is to be made where payee resides). Hence, we conclude that the cause of action arose in California and thus, by reason of section 78–12–45, the action is barred in Utah if it would be barred if brought in California.

### Applicability of California's Tolling Statute

■ The applicable California statute of limitations restricts the time period for filing an action based upon a contract to four years. Cal.Civ.Proc.Code § 337 (West 1994). However, whether California's statute of limitations has run depends upon the effect of its tolling statute. *See American Bank of Commerce v. Corondoni,* 169 Cal.App.3d 368, 215 Cal.Rptr. 331, 334 (1985); *see also Duke v. Housen,* 589 P.2d 334, 345 (Wyo.1979) (holding that in applying a "borrowed" statute of limitations period, court must consider not only such statute itself, but also any applicable tolling statutes as well), *cert. denied,* 444 U.S. 863, 100 S.Ct. 132, 62 L.Ed.2d 86 (1979).

California's tolling provision provides:

> If, when the cause of action accrues against a person, he is out of the State, the action may be commenced within the term herein limited, after his return to the State, and if, after the cause of action accrues, he departs from the State, the time of his absence is not part of the time limited for the commencement of the action.

Cal.Civ.Proc.Code § 351 (West 1994) (emphasis added). Because Pingree has always been "out of the State," it would appear that California's tolling statute preserves the cause of action in this case. However, California's tolling statute must be read in conjunction with *Abramson v. Brownstein,* 897 F.2d 389 (9th Cir.1990), because *Abramson* has invalidated the statute in certain circumstances.[3]

In *Abramson,* the Ninth Circuit ruled that, as applied, California's tolling statute violated the Commerce Clause of the United States Constitution because it "forces a [foreign corporation] engaged in interstate commerce to choose between being present in California for several years or forfeiture of the limitations defense, remaining subject to suit in California in perpetuity." *Id.* at 392. The court ruled that the significant burden on

---

**3.** Financial suggests that *Abramson* may not apply to the contract herein because it was decided after the contract was executed. However, Financial's brief presented little analysis of the issue and cited no authority in support of its position. Under these circumstances, we decline to consider Financial's argument. *See State v. Jennings,* 875 P.2d 566, 569 n. 3 (Utah App. 1994); *State ex rel. E.D. v. E.J.D.,* 876 P.2d 397, 401 n. 6 (Utah App.1994).

interstate commerce was unreasonable in that case in light of the fact that the California long-arm statute would have permitted service on the defendant throughout the limitations period.[4] *Id.* at 393.

Given the arguments advanced by the parties and the view taken by the trial court, the trial court had no occasion to consider whether Pingree could have been served and jurisdiction thereby obtained under the California long-arm statute. Accordingly, we remand the case back to the trial court to determine whether Pingree was amenable to service and within the jurisdiction of the California courts under California's long-arm statute throughout the limitations period. If it was, then the tolling statute would not apply given *Abramson,* and the action would be barred in California and thus in Utah. If it was not amenable to service, then interstate commerce would not be unduly burdened by giving effect to the tolling statute and the action would not be time-barred in California and thus is not time-barred in Utah.

## CONCLUSION

We affirm the trial court's ruling setting aside Pingree's default certificate. However, we reverse the trial court's ruling granting Pingree's motion to dismiss because we cannot determine from the record whether the tolling provision of the California statute of limitations applies to Financial's claim. Resolution of this issue depends upon whether Pingree was amenable to service under California's long-arm statute and thus within the jurisdiction of the California courts. We remand for further proceedings consistent with this opinion.

JACKSON and ORME, JJ., concur.

---

4. Other courts have similarly held tolling statutes unconstitutional where they failed to distinguish between out of state defendants who were subject to the long-arm jurisdiction of the court and those who were not. *See Bottineau Farmers Elevator v. Woodward–Clyde Consultants,* 963 F.2d 1064, 1074 (8th Cir.1992) (holding North Dakota's tolling statute violated commerce clause because it did not provide exception for foreign corporations subject to long-arm jurisdiction throughout the limitations period); *see also Juzwin v. Asbestos Corp.,* 900 F.2d 686, 690–92 (3d Cir.) (holding New Jersey's tolling statute imposed unconstitutional burden on interstate commerce; state's interest in assisting citizens pursuing claims against foreign corporations could be adequately protected by more narrowly drawn statute that permitted tolling when long-arm service could not be effectuated), *cert. denied,* 498 U.S. 896, 111 S.Ct. 246, 112 L.Ed.2d 204 (1990).