**ARGONAUT INSURANCE COMPANY, Plaintiff,**

v.

**HALVANON INSURANCE COMPANY, Defendant.**

Halvanon Insurance Company, Third–Party–Plaintiff–Appellant,

v.

Reasuransi Unum Indonesia, Seguros La Republica S.A.; Milli Resasurans T.A.S.; Administratia Asigurarilor de Stat; Kemper de Mexico, Campania de Seguros S.A.; Allami Biztostito; Morthwest Facilities Inc; C.J.V. Associates Inc; Srmc Management Corp; M.T.R. Agencies Ltd; Dependable Insurance Agencies Limited; Planet Coverages Inc; Inram; ADA VIS Globel Enterprises, Third–Party–Defendants–Appellees.

Czarina LLC, Plaintiff–Appellant,

v.

Seguros La Territorial, Defendant–Appellee.

No. 99–57012.

D.C. CV–99–00108–MLH/RBB.

D.C. CV–99–01578–JSR (CGA).

United States Court of Appeals, Ninth Circuit.

Submitted July 10, 2001 *.

Decided Dec. 11, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before RYMER and RAWLINSON, Circuit Judges, and POGUE,** CIT Judge.

MEMORANDUM ***

Czarina [1] appeals the district court's dismissal of its suit against ADA VIS [2] ("Territorial") on the basis that the statute of limitations had expired. According to the district court, the statute of limitations on Czarina's claims was not tolled by Section 351 of the California Code of Civil Procedure because Territorial could have been served through the Secretary of State in accordance with Section 2111 of the California Corporations Code. Czarina alleges the district court's interpretation of California's tolling statute was erroneous. For the following reasons, we agree, and reverse the decision below.

I. *Statute of Limitations*

We review the district court's interpretation of state law de novo. *Downey v. Crowley Marine Services*, 236 F.3d 1019, 1022 (9th Cir.2001). Section 337.5 of the California Code of Civil Procedure places a ten year limitations period on actions upon a judgment of any court. Generally, the limitations period is tolled when the defendant is absent from the state. CAL. CIV.

---

** Honorable Donald C. Pogue, Judge, Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the court of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Czarina is the assignee of Halvanon Insurance Company.

2. ADA VIS is the California broker for La Territorial ("Territorial").

PROC. CODE § 351 (West 1982) ("§ 351"). However, because Section 2111 of the California Corporations Code ("Section 2111") provides for service of process on a foreign corporation through the Secretary of State, California courts have also held that Section 2111 renders the provisions of § 351 inapplicable to foreign corporations which are amenable to service of process through the Secretary of State. *Cardoso v. American Medical Systems, Inc.,* 183 Cal.App.3d 994, 228 Cal. Rptr. 627, 630 (1986) (finding the statute of limitations had run because "the availability of substituted service of process upon a foreign corporation renders the tolling provisions of section 351 inapplicable"); *see also Loope v. Greyhound Lines, Inc.,* 250 P.2d 651, 614 (1952) (declining to apply § 351 if the defendant is a foreign corporation "in view of the California statutory provisions relative to service of summons upon foreign corporations.")

Czarina alleges that § 351's tolling provision still applies because the above cited cases can be distinguished from this one. According to Czarina, the corporation in *Loope* as well as the corporation in *Cardoso* had minimum contacts with the state of California; thus, they could be effectively served. Here, they allege Territorial could not have been effectively served, even under the provisions of Section 2111, because it lacked minimum contacts with the state.

California's long-arm statute permits the exercise of jurisdiction over nonresidents on any basis consistent with the federal or state Constitution. CAL. CIV. PROC. § 410.10 (West 1973); *Stone v. Texas,* 76 Cal.App.4th 1043, 90 Cal.Rptr.2d 657, 659 (1999). Nonetheless, if a summons is served on an individual who is not subject to California's jurisdiction, service is not effective and may be quashed. CAL. CIV. PROC. § 418.10. (West 1973). In *Herring v. Peterson,* 116 Cal.App.3d 608, 172 Cal. Rptr. 240, 242 (1981), a California appeals court recognized that the "words amenable to service of process include any procedural requirement that must be met before the court obtains or regains jurisdiction." (internal quotations omitted). Minimum contacts are clearly a requirement that must exist before a court may exercise jurisdiction. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Simms v. Steverson,* 88 Cal.App.4th 693, 106 Cal.Rptr.2d 193, 205 (2001). Thus, if a corporation does not have contacts with the state of California, and California cannot exercise personal jurisdiction over the corporation, the corporation is not amenable to service of process under Section 2111.

■ Territorial is a foreign corporation having no contact with the state of California prior to ·1995. Absent contacts, California could not exercise personal jurisdiction over Territorial. Therefore, Territorial was not amenable to service of process, and the tolling provision set forth in § 351 is not affected by Section 2111. Accordingly, we find that the district court erred in dismissing Czarina's action against Territorial as time barred, because Czarina's cause of action was tolled by § 351.[3]

II. *Commerce Clause*

■ Although tolling under § 351 applies to this case, we must still determine whether § 351 violates the Commerce Clause. In *Abramson v. Brownstein,* 897 F.2d 389, 392 (9th Cir.1990), we held that

---

**3.** Territorial has never alleged that the Inter-American Convention on Letters Rogatory renders the tolling provisions of § 351 inapplicable. This issue was never addressed by the district court, and we will not address it either. *United States v. Miller,* 482 F.2d 1379 (9th Cir.1973) (declining to reach question not raised below or on appeal).

§ 351 violated the Commerce Clause because it "forces a nonresident individual engaged in interstate commerce to choose between being present in California for several years or forfeiture of the limitations defense, remaining subject to suit in California perpetuity." In *Abramson*, the defendant was subject to service of process, and the state had an interest in alleviating "any hardship that would result by compelling plaintiff to pursue defendant out of state." *Id.* at 393. Nonetheless, the state's interest was outweighed by the burden on interstate commerce.

This case is distinguishable from *Abramson*. In this case, there is no evidence in the record that Territorial was engaged in interstate commerce, or had any presence in California, or any other state. Where the defendant is not subject to service of process, the state interest in preserving a litigation forum is more compelling.[4] As stated in *Abramson*, the burden of subjecting foreign companies to liability in perpetuity is a burden on interstate commerce. *Id.* at 392. However, § 351 provides plaintiffs with their only means of pursuing valid claims against out-of-state defendants who could otherwise wait until expiration of the limitations period before returning to the state. Therefore, on the facts herein presented, we find that § 351 does not violate the Commerce Clause.[5]

REVERSED.

RYMER, Circuit Judge, dissenting.

I agree with the district court that Cal. Code Civ. Proc. § 351 does not toll the 10-year statute of limitations imposed by § Cal.Code Civ. Proc. § 337.5 as to Territorial because § 351 does not apply to foreign corporations. *Loope v. Greyhound Lines, Inc.*, 114 Cal.App.2d 611, 614, 250 P.2d 651 (1952); *Cardoso v. American Medical Systems, Inc.*, 183 Cal.App.3d 994, 999, 228 Cal.Rptr. 627 (1986); *see also Abramson v. Brownstein*, 897 F.2d 389, 393 n. 6 (9th Cir.1990) (noting that § 351 does not apply to foreign corporations). Territorial is a foreign corporation that Czarina failed to show could not have been served by substituted service on the California Secretary of State, *see* Cal. Corp. Code § 2111, or through the Inter-American Convention on Letters Rogatory, *see* 28 U.S.C. § 1781.

In any event, we have held that § 351 unconstitutionally burdens commerce. *Abramson*, 897 F.2d at 393 (holding that the California tolling statute is unconstitutional). Territorial is clearly engaged in foreign commerce. Thus, even if § 351 could apply to Territorial despite its being a foreign corporation, the statute of limitations cannot be tolled as to it without running afoul of the Commerce Clause.

4. Czarina concedes that Territorial could have been served through Section 2111 since 1995 when Territorial began selling insurance through ADA VIS. This fact does not affect our analysis. If the ten-year statute of limitations was tolled from 1984 until 1995, this suit, filed in 1999, was timely.

5. When a federal court is asked to decide an issue which involves the constitutionality of a state statute effecting the public interest and in which the state is not a party to the action, 28 U.S.C. § 2403(b) requires the court to certify the constitutional question to the state attorney general. The district court failed to certify the question to the Attorney General of California. However, certification is allowed at any stage of the proceeding. *See Glidden Co. v. Zdanok*, 368 U.S. 814, 815, 82 S.Ct. 56, 7 L.Ed.2d 22 (1961) (Supreme Court certified question and United States intervened). We hereby certify the constitutional question to the California Attorney General and afford him thirty days to apply for a rehearing if he should determine that the public interest has not been fully protected by the judgment to be entered.