**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

MAY 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT ROSS, an individual, | No. 11-56984 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-06124-JHN-E |
| v. | |
| SHAQUILLE O'NEAL, an individual, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. NGUYEN, District Judge, Presiding

Argued and Submitted May 9, 2013
Pasadena, California

Before: WARDLAW and MURGUIA, Circuit Judges, and RESTANI, Judge.[**]

Plaintiff Robert Ross appeals the dismissal of his complaint against former

NBA player Shaquille O'Neal. The complaint alleged that O'Neal failed to honor

an oral contract and then recruited a street gang to kidnap Ross. The district court

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

dismissed the complaint because it was filed after the statute of limitations had expired. The district court also concluded that California Code of Civil Procedure section 351, which tolls the statute of limitations when a defendant is out of the state, was unconstitutional as applied to O'Neal because it placed an unreasonable burden on interstate commerce. We affirm.

Because Ross concedes that his complaint is untimely, his only shot of success on appeal is based on tolling the statute of limitations pursuant to section 351 of the California Code of Civil Procedure, which reads:

> If, when the cause of action accrues against a person, he is out of the State, the action may be commenced within the term herein limited, after his return to the State, and if, after the cause of action accrues, he departs from the State, the time of his absence is not part of the time limited for the commencement of the action.

We evaluate the constitutionality of such tolling statutes by comparing the "burden the tolling statute places on interstate commerce" with "the interests of the State." *Bendix Autolite Corp. v. Midwesco Enters., Inc.*, 486 U.S. 888, 891 (1988); *see also Abramson v. Brownstein*, 897 F.2d 389, 392 (9th Cir. 1990).

In this case, section 351 imposes a substantial burden on interstate commerce. No speculation is needed to reach this conclusion; the district court took judicial notice, without objection, of the fact that O'Neal was employed by the Miami Heat, Phoenix Suns, Cleveland Cavaliers, and Boston Celtics during the

relevant time period. Requiring a National Basketball Association player who is engaged in interstate commerce to be physically present in California places a substantial burden on interstate commerce. *See Abramson*, 897 F.2d at 392 ("[T]he statute requires a person engaged in interstate commerce outside of California to be in California for the appropriate limitations period in order to avoid the application of the tolling statute."). O'Neal's injuries and playing time are legally irrelevant; even if it was physically possible for him to be in California on certain days, forcing him to do so would still constitute a burden on interstate commerce. *See id.*

California's interest in ensuring Ross's ability to vindicate any claim against O'Neal is minimal because Ross could have served O'Neal pursuant to California's long-arm statute. *See Abramson*, 897 F.2d at 393 n.7. The interest is further diminished by the fact that O'Neal's status as a professional basketball player required him to make numerous publicly promoted trips to the state of California and, with very minimal diligence, Ross could have personally served O'Neal while O'Neal was present in California.

The burden on interstate commerce as applied to O'Neal is substantial and the countervailing interest is minimal. Application of section 351 in this case

would offend the Commerce Clause and Ross's suit was properly dismissed because it was untimely.

**AFFIRMED.**