Filed 5/17/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| KIUMARS SOLEIMANY et al., | B304644 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC663036) |
| v. | |
| MOSTAFA NARIMANZADEH et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Monica Bachner, Judge. Reversed in part and Remanded.

Salisian & Lee, Richard H. Lee, Glenn Coffman and H. Han Pai for Plaintiffs and Appellants.

Leo Fasen for Defendants and Respondents.

# INTRODUCTION

Under California law, if a promissory note evidencing a loan stipulates a usurious rate of interest—that is, a rate in violation of the limits set by article XV, section 1 of the California Constitution—the interest provision is void, and the principal sum is deemed due at maturity of the note without interest (meaning that any interest paid is applied against the principal so as to reduce the principal obligation owed). However, if any of the principal amount is unpaid at the date of maturity, the lender is entitled to damages in the form of prejudgment interest on any such unpaid amount from the date of maturity of the loan to the date of judgment. The appropriate rate of prejudgment interest is determined by the law applicable to contracts that do not stipulate a legal rate of interest.[1]

In this case, in 2008, defendant Mostafa Narimanzadeh borrowed $350,000 from plaintiffs Kiumars and Shanaz "Suzy" Soleimany (husband and wife). The loan was documented by a promissory note which was secured by a deed of trust on real property belonging to defendant Narimanzadeh. In 2009, defendant Fariba Atighehchi borrowed $150,000 from plaintiff Shanaz Soleimany. The loan was documented by a promissory note signed by defendant Atighehchi; the note was not secured by a deed of trust on real property.

In a court trial on plaintiffs' action against defendants for breach of the obligation to repay the loans, the trial court voided the usurious

---

[1]     If a contract stipulates a legal rate of interest, that rate is the applicable prejudgment rate. (Civ. Code, § 3289, subd. (a).)

2

interest rate on both notes and deemed the principal sum of the notes due at maturity. Any interest paid by defendants up to maturity would be applied against the principal of the loans to determine if, in fact, any principal remained due at the date of maturity.

Civil Code section 3289, subdivision (b) provides that if a contract "entered into after January 1, 1986, does *not* stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach." (Civ. Code, § 3289, subd. (b), italics added.) But subdivision (b) excludes from its coverage any "note secured by a deed of trust on real property." Based on Civil Code section 3289, subdivision (b), for the 2009 loan, which was not secured by a deed of trust on real property, the trial court fixed the prejudgment interest rate on any unpaid principal at 10 percent. On the 2008 loan, however, the court ruled that Civil Code section 3289, subdivision (b) did not apply, because the promissory note was secured by a deed of trust on real property, and therefore plaintiffs were entitled to no prejudgment interest on any principal due at the date of maturity on that loan.

Based on the calculations compelled by these rulings, the evidence showed that defendants had in fact overpaid the loans. Therefore, the court concluded that plaintiffs had not proved any damages, granted defendants' motion for judgment (erroneously styled by defendants as a motion for directed verdict; see Code Civ. Proc., § 631.8), and awarded attorney fees and costs to the defendants as prevailing parties.

In this appeal by plaintiffs, we hold that even though Civil Code section 3289, subdivision (b) does not apply to the 2008 loan because it was secured by a deed of trust on real property, the plaintiffs were

3

nonetheless entitled to prejudgment interest on the unpaid principal at the date of maturity at the rate of 7 percent, the default rate of prejudgment interest provided in article XV, section 1 of the California Constitution, which applies except when a statute provides otherwise. Therefore, we reverse the judgment in part and the award of attorney fees and costs and remand the matter to the trial court.

We direct the trial court on remand to conduct further trial proceedings on plaintiffs' potential damages, in which the parties may present evidence as to whether, using a prejudgment interest rate of 7 percent against any amounts of unpaid principal at the date of maturity, plaintiffs incurred any damages with respect to the 2008 loan. In light of such evidence, the trial court shall enter a new judgment as appropriate. Further, in light of the new judgment, the court shall reconsider as appropriate which parties (if any) are prevailing parties, and the amount of attorney fees and costs to which any such prevailing parties are entitled.

## FACTUAL AND PROCEDURAL HISTORY

The relevant factual and procedural background in this case is undisputed. On September 23, 2008, defendant Narimanzadeh borrowed $350,000 from plaintiffs Kiumars and Shanaz Soleimany. The loan was documented by a promissory note secured by a deed of trust on defendant Narimanzadeh's specified real property located on Chantilly Road in Los Angeles. According to the note, defendant Narimanzadeh promised to repay the principal amount, plus interest at a rate of 16 percent per annum, by March 1, 2009.

4

On January 14, 2009, defendant Atighehchi borrowed $150,000 from plaintiff Shanaz Soleimany.[2] The loan was documented by a promissory note, in which defendant Atighehchi agreed to repay the principal amount, plus interest at a rate of 16 percent per annum, by February 14, 2009, or if extended, by March 14, 2009. It was not secured by a deed of trust on real property.

Defendants failed to pay off their respective loans by the 2009 dates of maturity. However, they continued to make payments on the loans through October 30, 2015, and at some point (the record is not clear), started paying interest at the rate of 10 percent (instead of 16 percent). The parties agreed defendants paid plaintiffs $601,568.96 but did not distinguish between the two loans.

On November 14, 2017, plaintiffs filed the operative, first amended complaint against defendants.[3] As to the 2008 loan, plaintiffs alleged breach of written loan agreement against defendant Narimanzadeh, and sought judicial foreclosure against Narimanzadeh's real property securing the loan. As to the 2009 loan, plaintiffs alleged breach of written loan agreement against defendant Atighehchi. Defendants conceded breach of the written loan agreements by not paying the principal on the loans by the date of maturity, but raised as

---

[2] Pinkberry "Sunset and Fuller Location," not a party to this appeal, was also named as a borrower. Atighehchi was a 50 percent shareholder and president of Pinkberry "Sunset and Fuller Location," located on W. Sunset Boulevard in Los Angeles.

[3] Plaintiffs also named various entities not here relevant.

an affirmative defense that the 16 percent interest rate on the loans was void as usurious.

Pursuant to the parties' stipulation, the matter was tried to the court in two phases. In the first phase, the court considered defendants' usury affirmative defense, and, assuming the 16 percent interest rate was usurious, the rate of prejudgment interest, if any, the law would apply to any unpaid principal on the loans.

After extensive briefing and testimony by plaintiffs and defendants (the contents of which are not relevant on appeal), the trial court issued its final statement of decision in this phase on March 4, 2019. In a ruling not in issue on appeal, the court found that the interest rate of 16 percent on both loans was void as usurious, exceeding the 10 percent maximum permissible rate under Article XV, section 1 of the California Constitution.[4] Therefore, the loans were to be treated as if they did not specify an interest rate, and the principal (without such interest) was deemed due at maturity. Any usurious interest paid on the notes was to be applied against the principal to determine if any principal amounts were still unpaid.

With respect to the issue of prejudgment interest on the principal due to which the law entitled plaintiffs, the court applied Civil Code

---

[4] As here relevant, on loans not primarily for personal, family or household purposes, the California Constitution permits parties to contract for interest not to exceed the higher of 10 percent per annum or 5 percent over the amount charged by the Federal Reserve Bank of San Francisco on advances to member banks on the 25th day of the month before the loan. (Cal Const., art. XV, § 1, subd. 2.) In the pertinent time periods here, the higher of these two rates was 10 percent.

section 3289, subdivision (b) to the 2009 loan, as it was not secured by a deed of trust on real property.[5] Thus, the court determined that prejudgment interest at the legal rate of 10 percent would be due on the unpaid principal at the date of maturity. However, because Civil Code section 3289, subdivision (b) did not apply to the 2008 loan, which was secured by a deed of trust on defendant Narimanzadeh's real property, the court ruled that plaintiffs were not entitled to prejudgment interest on that loan.

Thereafter, the court conducted the second phase of the trial to determine whether, based on its ruling in the first phase, plaintiffs were owed any sums as damages in addition to what defendants had already paid on their respective loans. Plaintiffs called one witness, Winnes Wong, CPA. In calculating the prejudgment interest due on the amounts of the unpaid principal from the date of maturity of both loans (the measure of plaintiffs' damages), Ms. Wong applied a prejudgment interest rate of 10 percent to both loans, even though the trial court had determined in the first phase that such prejudgment interest applied only to the 2009 loan. Ms. Wong conceded that if no prejudgment interest was attributed to the unpaid principal on the 2008 loan (as was

---

[5]     Civil Code section 3289 provides in full:
"(a) Any legal rate of interest stipulated by a contract remains chargeable after a breach thereof, as before, until the contract is superseded by a verdict or other new obligation.
"(b) If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach.
"For the purposes of this subdivision, the term contract shall not include a note secured by a deed of trust on real property."

compelled by the court's ruling in the first phase), there would be an overpayment by defendants of $84,914 on the two loans combined.

On such evidence, defendants orally moved for a directed verdict, based on plaintiffs' failure to establish damages. The trial court construed defendant's motion as a motion for judgment pursuant to Code of Civil Procedure section 631.8 and granted the motion. On December 17, 2019, the court issued its tentative decision, which became the final statement of decision, in which it found that plaintiffs had failed to establish damages.

On January 13, 2020, defendants filed a motion for attorney fees and costs as prevailing parties. (Civ. Code, § 1717; Code Civ. Proc., § 1033.5.) On February 24, 2020, the court entered judgment pursuant to its statements of decisions issued on March 4, 2019 and December 17, 2019, under which plaintiffs took nothing by their operative complaint against defendants and defendants recovered from plaintiffs their costs of suit and attorney fees in amounts to be determined by the court. On February 28, 2020, plaintiffs timely appealed from the judgment. On August 20, 2020, the court granted defendants motion for attorney fees and costs in a reduced amount of $61,862.65, reflecting $59,780 in attorney fees and $2,082.65 in costs.

## DISCUSSION

As we have noted, plaintiffs do not challenge the trial court's ruling that the 16 percent interest rate on both loans was usurious and that each note was payable at maturity without the specified interest. Further, they do not challenge the court's ruling applying the 10

8

percent rate of prejudgment interest of Civil Code section 3289, subdivision (b) to the 2009 loan. However, as to the 2008 loan, they contend that they are entitled to prejudgment interest of 10 percent under article XV, section 1 of the California Constitution. As we have observed (see fn. 4, ante) on loans not primarily for personal, family or household purposes, the California Constitution permits parties to contract for interest not to exceed the higher of 10 percent per annum or 5 percent over the amount charged by the Federal Reserve Bank of San Francisco on advances to member banks on the 25th day of the month before the loan. (Cal Const., art. XV, § 1, subd. 2.) In the pertinent time periods here, the higher of these two rates was 10 percent.

We agree that plaintiffs are entitled to prejudgment interest on the unpaid principal of the 2008 loan, but not at the rate of 10 percent to which the parties *could have* contracted under article XV, section 1, but rather at a rate of 7 percent (calculated from the date of maturity of the loan), which is the default prejudgment interest rate set by article XV, section 1 except as provided by statute. Accordingly, we reverse the judgment in part, and remand the matter to the trial court to reassess damages (if any) in light of our holding.

A. *Prejudgment Interest on 2008 Loan*

Because the 16 percent interest rate on the 2008 and 2009 loans exceeded the constitutional maximum, the interest provisions were void and the notes were properly treated as if they called for no interest. (*Green v. Future Two* (1986) 179 Cal.App.3d 738, 744.) Despite the specified void interest rate established by the notes, plaintiffs were still

entitled to prejudgment interest as provided by law on any unpaid principal at maturity.

In *Epstein v. Frank* (1981) 125 Cal.App.3d 111, 117, the plaintiffs filed an action to collect on promissory notes. The trial court found that certain notes were usurious and denied the plaintiffs any interest on those notes. On appeal, the plaintiffs claimed they were "entitled to interest at the legal rate by way of damages for wrongful retention of the principal of the notes from the time of maturity to the date of judgment." (*Id.* at pp. 117–118.) The court of appeal agreed, reasoning that when a note purports to charge a usurious interest rate, the interest provision is rendered void. However, a usurious rate provision does "not affect the right of the payee to recover the principal amount of the note when due." (*Id.* at p. 123.) The note effectively becomes "a note payable at maturity without interest." (*Ibid.*) While the usurious interest rate prevents recovery of interest that accrues before the note matures, the court concluded that if a note becomes overdue, "interest is awarded in the nature of damages for the retention of the principal amount of the note and not by virtue of any provision in the note." (*Ibid.*) The court explained that "[t]he denial of interest up until the maturity of the note is a sufficient deterrent against the exacting of usurious interest" and that "it is neither unjust nor contrary to policy" to charge prejudgment interest against a borrower who has improperly withheld payment. (*Ibid.*; see also *Green v. Future Two, supra,* 179 Cal.App.3d at p. 744 [citing *Epstein* to award prejudgment interest at the constitutional rate of 7 percent per annum on usurious note]; *Mark*

10

*McDowell Corporation v. LSM 128* (1989) 214 Cal.App.3d 1427, 1432 [awarding 10 percent per annum prejudgment interest on usurious note, citing Civ. Code, § 3289, subd. (b) and *Epstein*], abrogated on other grounds by *Southwest Concrete Products v. Gosh Construction Corp.* (1990) 51 Cal.3d 701, 704, 706–709; 1 Witkin, Summary of Cal. Law (11th ed. 2021) Contracts, § 469, p. 495.)

Civil Code section 3289 provides rules for prejudgment interest rates applicable to breaches of contract. If the contract specifies a legal rate of interest, a court will apply that rate "after a breach [of contract] until the contract is superseded by a verdict or other new obligation." (Civ. Code, § 3289, subd. (a).) If a contract does not stipulate a legal rate of interest, a 10 percent per annum interest rate applies in the event of a breach. (*Id.*, subd. (b).) However, "the term contract shall not include *a note secured by a deed of trust on real property*." (Civ. Code, § 3289, italics added.) In the present case, as the trial court correctly concluded, the 10 percent prejudgment interest rate of Civil Code section 3289, subdivision (b) applied to the 2009 loan, which was not secured by a deed of trust, but not to the 2008 loan, which was. But the inapplicability of Civil Code 3289, subdivision (b) to the 2008 loan does not mean that plaintiffs were entitled to no prejudgment interest on any principal due at the date of maturity.

Besides permitting parties in certain situations to contract for a higher rate of interest, article XV, section 1 provides a default prejudgment interest rate of 7 percent per annum. It states in relevant part: "The rate of interest upon the loan or forbearance of any money, goods, or things in action, or *on accounts after demand*, shall be 7

11

percent per annum but it shall be competent for the parties to any loan or forbearance of any money, goods or things in action to contract in writing for a [different] rate of interest" as specified. (Italics added; see *Pro Value Properties, Inc. v. Quality Loan Service Corp.* (2009) 170 Cal.App.4th 579, 582 ["the California Constitution provides for prejudgment interest at 7 percent per annum"]; accord, *Children's Hospital & Medical Center v. Bontá* (2002) 97 Cal.App.4th 740, 774–775.) "'Absent a statutory provision specifically governing the type of claim at issue, the prejudgment interest rate is 7 percent under article XV, section 1 of the California Constitution.' (*Bullock v. Philip Morris USA, Inc.* (2011) 198 Cal.App.4th 543, 573.)" (*Cussler v. Crusader Entertainment, LLC* (2012) 212 Cal.App.4th 356, 369–370; *Michelson v. Hamada* (1994) 29 Cal.App.4th 1566, 1585.) Thus, although no case (until now) has so held, as observed by a leading treatise, "[f]or a note secured by a deed of trust on real property, in the absence of a rate specified in the contract, the [prejudgment] rate will be seven percent." (11 Miller & Starr, Cal. Real Estate (4th ed. 2021) § 37:3, p. 37-13, fn. 10.)

Plaintiffs' contention that the applicable interest rate is 10 percent per annum is without merit. The constitutional provision merely allows parties to "contract in writing for a rate of interest" up to 10 percent. Absent such a specified legal contract rate (and a promissory note with a void usurious rate is treated as having no rate specified), the default prejudgment interest rate remains at 7 percent, unless otherwise provided by statute. (Cal. Const., art. XV, § 1.) We

12

therefore conclude that the trial court erred in not applying prejudgment interest of 7 percent per annum to the 2008 loan, from the date of maturity to judgment. We reverse the judgment in that respect and remand the matter to the trial court. We direct the trial court to conduct further trial proceedings on plaintiffs' potential damages, in which the parties may present evidence as to whether, using a prejudgment interest rate of 7 percent against any amounts of unpaid principal at the date of maturity, plaintiffs incurred any damages with respect to the 2008 loan. In light of such evidence, the trial court shall enter a new judgment as appropriate.

B.    *Attorney Fees and Costs*

Defendants filed, and the trial court granted, a motion for attorney fees and costs on the ground that defendants were the prevailing parties. (Civ. Code, § 1717; Code Civ. Proc., § 1033.5.) Because we reverse the judgment in part and remand for further proceedings that may change the parties' financial obligations under the judgment, we also reverse the trial court's ruling on attorney fees and remand the matter for a new prevailing party determination and award of fees and costs as appropriate. (See *Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 808–809 [reversing damages award and remanding for reconsideration of prevailing party issue]; *Zagami, Inc. v. James A. Crone, Inc.* (2008) 160 Cal.App.4th 1083, 1097 [same]; *Cisneros v. U.D. Registry, Inc.* (1995) 39 Cal.App.4th 548, 576–577 [same].)

//

13

//

//

//

//

//

//

//

//

//

//

//

//

//

//

## DISPOSITION

We reverse the judgment in part, and the order awarding attorney fees to defendants. We remand the matter to the trial court. On remand, the trial court shall conduct further trial proceedings on plaintiffs' potential damages, in which the parties may present evidence as to whether, using a prejudgment interest rate of 7 percent against any amounts of unpaid principal at the date of maturity, plaintiffs incurred any damages with respect to the 2008 loan. In light of such evidence, the trial court shall enter a new judgment as appropriate. Further, in light of the new judgment, the court shall reconsider as appropriate which parties (if any) are prevailing parties, and the

amount of attorney fees and costs to which any such prevailing parties are entitled.

**CERTIFIED FOR PUBLICATION**


WILLHITE, J.

We concur:


MANELLA, P. J.


CURREY, J.


15